**FIFTH & WALNUT, Inc., et al. v. LOEW'S, Inc., et al.**

District Court, S. D. New York.
Jan. 23, 1948.

Monroe E. Stein, of New York City
(Rogge, Fabricant, Gordon & Goldman, of
New York City, of counsel), for plaintiff.

Dwight, Harris, Koegel & Caskey, of
New York City, for defendant Twentieth
Century-Fox Film Corporation.

Gordon E. Youngman, of New York
City, for defendant RKO Radio Pictures,
Inc.

J. Robert Rubin, of New York City, for
defendants Loew's Incorporated and Mar-
cus Loew Booking Agency.

Austin C. Keough, of New York City,
for defendant Paramount Pictures, Inc.

Robert W. Perkins, of New York City,
for defendant Warner Bros. Pictures Dis-
tributing Corporation.

Schwartz & Frohlich, of New York City,
for defendant Columbia Pictures Corpora-
tion.

O'Brien, Driscoll, Raftery & Lawler, of New York City, for defendants United Artists Corporation and United Artists Theatre Circuit, Inc.

Meyer H. Lavenstein, of New York City, for defendant Republic Pictures Corporation.

Charles D. Prutzman, of New York City, for defendant Universal Pictures Company, Inc.

John F. Caskey and Charles F. Young, both of New York City, of counsel, for defendants.

RYAN, District Judge.

All eleven defendants move to dismiss the complaint without prejudice.

The stated grounds of the motion are that "a fairer determination of the issues would be had, at greater convenience to this Court, to the parties and to the witnesses and personnel most directly concerned with this action, if the action were brought in Louisville, Kentucky in the District Court for the Western District of Kentucky."

This action is brought by plaintiffs under the "Sherman Act," 15 U.S.C.A. §§ 1 to 7, inclusive, and the "Clayton Act," 15 U.S.C.A. §§ 12 to 17, inclusive.

Plaintiff, Fifth and Walnut, Inc., a corporation of the Commonwealth of Kentucky, has its principal office in Louisville, Kentucky. Since December 10, 1943, it has leased and operated the National Theatre located at Fifth and Walnut Streets in Louisville. Plaintiff, Albert J. Hoffman, a resident of Indianapolis, Indiana, has owned the National Theatre since January 20, 1943, from which date to December 10, 1943 he operated the theatre at which time, while continuing in title to the fee, he leased the theatre to Fifth and Walnut, Inc.

All eleven defendants are engaged in the motion picture industry, as producers, distributors or exhibitors. Nine of the eleven defendants are described in the complaint as distrbutors. Five of these nine are incorporated under the laws of the State of Delaware—Loew's Incorporated, RKO Radio Pictures, Inc., Universal Pictures Company, Inc., United Artists Corporation and Republic Pictures Corporation; the remaining four—Paramount Pictures, Inc., Twentieth Century-Fox Film Corporation, Columbia Pictures Corporation and Warner Bros. Pictures Distributing Corp.—are incorporated under the laws of the State of New York. All nine distribute motion picture films throughout the United States and have their principal offices in New York City. Of the two remaining defendants, one—United Artists Theatre Circuit, Inc.—is a Maryland Corporation, and the other—Marcus Loew Booking Agency—is a New York corporation. The former owns Loew's United Artists Theatre and operates it in conjunction with Marcus Loew Booking Agency, a subsidiary of the defendant, Loew's Incorporated. It is not disputed that all eleven defendants irrespective of the State of their origin transact business and maintain offices in New York City within this district.

■ The facts recited herein are alleged in the complaint and for the purposes of this motion only are deemed established by affidavits submitted.

The complaint alleges that defendants have conspired and agreed together to deprive and have deprived plaintiffs of the right to negotiate for the exhibition and showing of "first run" pictures at the National Theatre in Louisville.

The defendants in their answers deny this charge. They allege that their refusal to license pictures for first run at this theatre was prompted solely by economic reasons and sound legitimate business considerations. They say, in explaining any apparent uniformity and similarity in conduct, that they individually and separately arrived at the same conclusion—that each of them would make more money and realize higher rental if his respective pictures were licensed first run to theatres other than the National. As an affirmative defense defendants plead a one-year statute of limitations effective in Kentucky. Their moving affidavits concerning this defense makes the following comments (pp. 14–15):

"It is very well established that there is no federal statute of limitations applicable to anti-trust actions brought under

the Federal Laws. Therefore, the local statute of limitations should govern this question."

"However, a very important subsidiary question has been raised by the answers of these defendants and will be raised at the trial, namely, the question of the Statute of Limitations that is applicable here."

And, defendants seek to invoke the doctrine of forum non conveniens.

■ Entering upon a determination of the merits of the motion the court is mindful of the admonition, "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843.

At the very outset the court is led to a consideration of the historical facts of this litigation. The complaint herein was filed on July 11, 1946 and defendants were served in this district within a day or two thereafter. By stipulations, defendants' time to answer was extended and issue was joined by the service of their answers on September 26, 1946. Notice of this motion was first given plaintiffs on May 17, 1947; it was returnable on May 23, 1947 at which time it was marked "off" the calendar by consent of both sides. It was not returned to the motion calendar and submitted for consideration until the December, 1947, Term.

The notice of motion was served ten months after the commencement of the action and eight months after the issue was joined. It was not brought on for submission to the court until seven months later, or almost fifteen months after service of answer. This long delay does not impress one as being the course usually taken by defendants who feel that they have been vexed, harassed or oppressed by plaintiffs' choice of an inconvenient forum. It is not the spontaneous hue and outcry of persons who have been outraged.

■ The court does not adopt plaintiffs' interpretation of Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that this motion should be denied because not made before answer.

The objection of forum non conveniens is not a defense to improper venue, which must be asserted by preliminary motion or answer. It is simply a motion which may be addressed to the discretion of the court at any time. Weiss et al. v. Routh et al., 2 Cir., 149 F.2d 193, 159 A.L.R. 658; Burdick v. Freeman, 120 N.Y. 420, 24 N.E. 949; Collard v. Beach, 81 App.Div. 582, 81 N.Y.S. 619. It may be raised after as well as before answer, but the objection should be taken with reasonable and appropriate promptness. An examination of the Gulf Oil case, supra, and Koster v. Lumbermens Mutual Co., 330 U.S. 518, 67 S.Ct. 828 shows that the defendants in those actions objected to the forum before answer.

■ Defendants cannot answer, take depositions of plaintiffs, permit plaintiffs to examine witnesses on deposition, have plaintiffs incur pre-trial expenses in excess of $7500, (out of which $690 costs were paid to each of defendants' counsel to reimburse them for expenses on the taking of depositions in Kentucky), and prepare for trial and, finally after many months have passed, raise an objection to the forum for the first time. Such inaction does not prompt the court to exercise discretion in their favor.

■ The court is not impressed by defendants' complaint of the added inconvenience and cost of securing the attendance of expert witnesses in New York over what it would incur in having the same witnesses testify in Kentucky. "Furthermore, the plea of inconvenience loses some of its persuasiveness in the mouth of highly solvent defendant, particularly one charged with personal wrongdoing." Harvard Law Review, Vol. 60, p. 933. Cf. dissent of Mr. Justice Cardozo in Rogers v. Guaranty Trust Co., 288 U.S. 123, 151, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720, and Mr. Justice Jackson concurring in Miles v. Illinois Central R. R., 315 U.S. 698, 706–708, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104. The court cannot find that the forum selected by plaintiffs is inconvenient to the point of oppression.

■ The defense of the Kentucky statute of limitations pleaded in the answer of

defendants is as they describe it "a very important subsidiary question," and particularly so on this application.

By the law of the State of Kentucky, a one-year statute of limitations, KRS 413.-140(c), governs this action. The plaintiffs rely in large measure, to meet this pleaded defense, on the Act of Congress passed October 10, 1942, c. 589, 56 Stat. 781, as amended June 30, 1945, c. 213, 59 Stat. 306, 15 U.S.C.A. § 16 note, which plaintiffs contend [and it seems rightly so] suspended the running of the statute of limitations of any violation of the anti-trust laws until June 30, 1946.

Plaintiffs contend that if this action has to be recommenced in Kentucky after June 30, 1947 (as it will have to be if at all in the event the motion is granted), plaintiffs will lose the benefit of these statutes. The defendants to counter this objection now suggest in a supplemental memorandum submitted in support of the motion that:

"If this court should fear that the granting of this motion would result in plaintiffs' being barred by the applicable statute of limitations in the forum where the action is reinstituted, it could condition dismissal of the complaint upon an agreement by the defendants that, for the purpose of applying the appropriate statute of limitations, the action, if reinstituted promptly in the appropriate forum, would be deemed to have been commenced on July 11, 1946." (pp. 1, 2)

The ultimate value of the defense of the Kentucky statute of limitations is not determined on this motion. It is sufficient to find that it does raise an important and substantial question, and the only apparent answer to it which plaintiffs can make would have to be predicated upon the Act of Congress of October 10, 1942 and June 30, 1945, supra, and these acts do not extend the time in which suit may be commenced beyond June 30, 1946.

Mr. Justice Jackson in the Gulf Oil case, supra, at page 506 of 330 U.S., at page 842, of 67 S.Ct. observes: "In all cases in which the doctrine of forum non conveniens comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them." The choice of forums indicated by Mr. Justice Jackson must be a fair and real one with equal opportunity for successful conduct of the action by plaintiff in both. Defendants, by their failure to object promptly to the forum have deprived plaintiffs of the opportunity to plead in Kentucky the exemptions to the statute of limitations granted by Act of Congress.

Defendants' offer to limit the plea of the defense of the statute of limitations does not appeal to the court.

The very grave and present possibility that by the granting of this motion to dismiss, the plaintiffs will be deprived of the right to plead these statutes in answer to the defense of the statute of limitations is sufficient to impel the court to deny the motion. Jurisdiction has been retained frequently because a statute of limitations has barred suit elsewhere. Williamson v. Palmer, 181 Misc. 610, 43 N.Y.S.2d 532; Randle v. Inecto, 131 Misc. 261, 226 N.Y.S. 686; The Yale Law Journal, Vol. 56, p. 1237, footnote 22.

To justify the exercise of discretion in the granting of this motion the basis for it should exist and be found in the facts of the litigation itself. The court should not, by imposing conditions or by accepting stipulations from the defendants, bring about a change in the factual situation to warrant a favorable determination, where without such conditions and stipulations such action would not be equitable.

But, above all, the plaintiffs assert that under the special venue provisions of the Clayton Act, they have an absolute right to bring this action in this district and that their choice of a forum cannot be defeated on any ground if jurisdiction over the defendants is obtained.

Section 12 of the Clayton Act, 15 U.S. C.A. Sec. 22, provides:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in

such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

All of the defendants are corporations, inhabitants of and are found and transact business within this district.

Section 12 of the Clayton Act, supra, is unmistakably a special venue provision and as such falls squarely within the boundaries set by Mr. Justice Jackson in the Gulf Oil case, supra, wherein he wrote:

"It is true that in cases under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., we have held that plaintiff's choice of a forum cannot be defeated on the basis of forum non conveniens. But this was because the special venue act under which those cases are brought was believed to require it. Baltimore & Ohio R. R. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222; Miles v. Illinois Central R. R., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104." (Page 505 of 330 U.S., at page 841 of 67 S.Ct.)

In passing upon the application of Section 12 of the Clayton Act, it was held in Momand v. Paramount Pictures Distributing Co., Inc., et al., 19 F.Supp. 102, at page 103, by the District Court of Massachusetts, that:

"In the case at bar, a citizen of the United States is invoking the jurisdiction of the federal courts to enforce in her own right a remedy given to her by acts of Congress. These statutes expressly confer upon the court jurisdiction to entertain such a suit and give to the plaintiff a choice of districts in which to sue. Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684; Haskell v. Aluminum Co. of America, D.C., 14 F.2d 864.

\*   \*   \*   \*   \*   \*

"I do not find anything in the federal statutes, or in the adjudication, which suggests that the court has any such discretionary power, or any such control over the plaintiff's remedy."

Of the special venue provision in Section 6 of the Federal Employers' Liability Act, 45 U.S.C.A. § 56, Mr. Justice Reed in Baltimore & Ohio R. Co., v. Kepner, 314 U.S. 44, at page 52, 62 S.Ct. 6, at page 9, 86 L.Ed. 28, 136 A.L.R. 1222, stated:

"Section 6 establishes venue for an action in the federal courts.  \*  \*  \*  It is clear that the allowance or denial of this federal privilege is a matter of federal law, not a matter of state law under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 72, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487."

And the court went on to say at page 54 of 314 U.S., at page 10 of 62 S.Ct., 86 L.Ed. 28, 136 A.L.R. 1222:

"When the section was enacted it filled the entire field of venue in federal courts. A privilege of venue granted by the legislative body which created this right of action cannot be frustrated for reasons of convenience or expense."

That portion of Section 6 of the Federal Employers' Liability Act, which was held to be dispositive of the Kepner case, supra, reads as follows:

" 'Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action.' "

The wide choice of venue granted to plaintiffs under this provision is strikingly similar to Section 12 of the Clayton Act hereinabove quoted.

The opinion in United States v. National City Lines, Inc., et al., D.C., 7 F.R.D. 456, cited by defendants, cannot be accepted or applied. It appears to be an attempted judicial limitation of a clear special venue provision affording plaintiffs a privilege of venue, which should not be denied them.

For all the foregoing reasons the motion is denied.

Settle order on notice.