Jarret N. COHANE, Appellant,

v.

ARPEJA–CALIFORNIA, INC., Appellee.

No. 11611.

District of Columbia Court of Appeals.

Argued Sept. 28, 1977.

Decided March 17, 1978.

**154**

Arnold Rochvarg, Washington, D. C., with whom Philip L. Cohan, Washington, D. C., was on brief, for appellant.

David Rein, Washington, D. C., for appellee.

Before KELLY, YEAGLEY and MACK, Associate Judges.

YEAGLEY, Associate Judge:

This appeal is from an order of the trial court dismissing a breach of contract action in midtrial on *forum non conveniens* grounds.[1] We find that under the circumstances of this case, dismissal was inappropriate.

Appellant Jarret N. Cohane, a salesman and resident of Delaware, brought suit against appellee Arpeja-California, Inc., a California corporation engaged in the business of manufacturing women's apparel. Appellant was employed by Arpeja-California as an independent agent and assigned to travel the area of eastern Pennsylvania, Maryland, Delaware, and Washington, D. C., selling the Young Edwardian line of Arpeja's clothing. He claimed that pursuant to his employment contract, as orally modified, he was entitled to certain commissions which appellee failed to pay.

On June 23, 1975, appellee filed a motion to dismiss the complaint on the grounds[2] that the trial court did not have personal jurisdiction over it and that the District of Columbia was an inappropriate forum.[3] Appellee's motion was denied after a hearing before the Superior Court and a motion to reconsider was filed.[4] After additional

---

1. Because of the inability of the court reporter to supply a transcript of the proceedings below, this court requested the trial court to submit a statement of proceedings and evidence. Our discussion of this case is based on that statement.

2. Appellee also claimed that dismissal was mandated by the District of Columbia Statute of Frauds, D.C.Code 1973, § 28–3502. That issue is not before us.

3. The District of Columbia *forum non conveniens* statute, D.C.Code 1973, § 13–425 provides:

When any District of Columbia court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or part on any condition that may be just.

4. Appellee did not raise the *forum non conveniens* argument in the motion to reconsider, but contended only that the court did not have jurisdiction over it under the District of Columbia "long arm" statute, D.C.Code 1973, § 13–423.

argument, the court again denied the motion to dismiss. Appellee did not appeal this ruling.

The parties then proceeded with discovery. Depositions were taken in California and the District of Columbia, and appellee submitted two sets of interrogatories to appellant. During the course of discovery, several motions were filed with the Superior Court.

The parties were called to trial on September 27, 1976. Cohane appeared with his counsel and a witness from Baltimore, Maryland. Appellee appeared in the person of its president and vice-president, both from California, together with counsel. Both sides announced "ready" and awaited assignment of a trial judge. Unfortunately, no cases were assigned for trial that day. At 5 p. m., the parties appeared before Judge William E. Stewart, Jr., who was sitting as motions judge. When Judge Stewart learned of the circumstances of the case he agreed to try it himself at 8 a. m. the following morning.

On the morning of September 28, 1976, the witnesses, parties and counsel appeared before Judge Stewart. In his opening argument, counsel for appellee contended that the court lacked jurisdiction and that the case should not be tried in this jurisdiction because of the nonresidency of the parties and the lack of any substantial relationship between the parties, the subject matter, and the District of Columbia. Cohane was then called to the stand and proceeded to give testimony.

At approximately 10:30 a. m., the court interrupted the direct examination of appellant and asked counsel for appellant to state his contentions as to which jurisdiction's law governed the interpretation of the contract and the claim for damages. Counsel's response was that he assumed the applicable principles to be the same in every jurisdiction. After a short recess, the court made oral findings of fact and conclusions of law which culminated in the dismissal of the action on grounds of *forum non conveniens.*

Judge Stewart subsequently made, pursuant to an order of this court, the following written findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Appellant is a resident of Wilmington, Delaware.

2. Appellee is a corporation organized under the laws of the State of California with its principal place of business in Los Angeles, California.

3. Neither of the parties maintained an office in the District of Columbia.

4. The original written contract was negotiated between the parties in Dallas, Texas but was executed in Wilmington, Delaware by Appellant and mailed to Appellee in Los Angeles. The original contract submitted in Dallas, Texas had been modified and/or clarified by discussions between the parties accomplished by long distance telephone from Wilmington, Delaware to Los Angeles, California.

5. The contract was for personal services to be performed by the Appellant in Pennsylvania, Delaware, Maryland and the District of Columbia and the supplying by Appellee of goods to retail outlets in those jurisdictions.

6. The relationship established by the contract and the parties thereto and its performance by the parties with the District of Columbia was minimal or insignificant.

7. The contentions of the Appellant would necessitate examination of and comparison with voluminous records of Appellee physically present in the court contained in large cartons, likely to require reference to the Auditor Master of the Court or some other form of accounting procedures.

8. Appellant's case, as described in the opening statement of counsel, was to include the presentation of his own testimony and that of a witness from Baltimore, Maryland and the utilization of his own records and those of Appellee. The Appellee's presentation was to include the testimony of two officers of the corporation and the records of the corporation,

both officers being residents of Los Angeles, California.

9. Though the record reveals that Appellee had previously filed a motion to dismiss and to quash service, which included a reliance upon the statute providing for the application of the doctrine of forum non conveniens in the District of Columbia, the principal thrust of that motion was directed to the issue of lack of jurisdiction. The previous judge, the Honorable DeWitt Hyde, passing upon said motion and denying same, did not have before him the total factual picture as developed early in this trial and found as factors hereinabove at the time of his ruling.

## CONCLUSIONS OF LAW

I. By reason of the Findings of Facts numbered 1 through 4, the lack of any significant relationship between the District of Columbia and the parties and the subject matter of this litigation, the nature of the contract, the necessity of applying foreign law (Contract & Damages) to litigation requiring extensive examination of and computation of records and with judicial knowledge of the calendar in the overburdened Superior Court and giving recognition to the rights of citizens of the District of Columbia to have primary access to the court, the court concludes the Doctrine of Forum Non Conveniens should be applied and the case dismissed.

II. Though this court had jurisdiction, as previously determined by the denial of Appellee's motion to dismiss, the court was not foreclosed by the Law of the Case Doctrine from dismissing on Forum Non Conveniens under the totality of the circumstances herein.

## I.

Appellant contends that the trial court's sua sponte dismissal of this action was an abuse of discretion. After careful analysis of the relevant factors, we find that the trial court erred in ordering the midtrial dismissal of appellant's claims on the grounds that the District of Columbia was an inappropriate forum.[5]

■ It is well settled in this jurisdiction that decisions on questions of forum non conveniens are committed to the sound discretion of the trial court and will be reversed on appeal only upon a clear showing of an abuse of discretion. E. g., Florida Education Association v. National Education Association, D.C.App., 354 A.2d 853, 854 (1976); Frost v. Peoples Drug Store, Inc., D.C.App., 327 A.2d 810, 813 (1974). This broad discretion is not unlimited, however, and this court will examine the trial court's action in light of well established criteria for applying the doctrine. Carr v. Bio-Medical Applications of Washington, Inc., D.C.App., 366 A.2d 1089, 1092 (1976); Dorati v. Dorati, D.C.App., 342 A.2d 18, 20 (1975). Foremost among those criteria is the principle that "unless the balance is strongly in favor of the defendant, the plaintiffs' choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

This court carefully analyzed the factors to be considered in determining whether an action should be dismissed on forum non conveniens grounds in Carr v. Bio-Medical Applications of WAshington, Inc., supra at 1092. We said:

In the landmark case of Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court identified two separate interests which must be considered in assessing a motion to dismiss for forum non conveniens—the private interest of the litigant, and the public interest. Factors relevant to the private interest concern the ease, expedition, and expense of the trial, and include the relative ease of access to proof; avail-

5. In view of this disposition of the forum non conveniens issue, we find it unnecessary to pass upon appellant's contention that the trial court was foreclosed from dismissing the case on this ground, because of the failure of defendant to exercise his right under Frost v. Peoples Drug Store, Inc., D.C.App., 327 A.2d 810, 811–13 (1974), to appeal the order of the motions court rejecting defendant's original motion to dismiss.

ability and cost of compulsory process; the enforceability of a judgment once obtained; evidence of an attempt by the plaintiff to vex or harass the defendant by his choice of the forum; and other obstacles to a fair trial. . . . Likewise, the public interest is a relevant consideration in applying the doctrine. Factors related to the public interest include administrative difficulties caused by local court dockets congested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation; and the inappropriateness of requiring local courts to interpret the laws of another jurisdiction.

■ Usually when we review a *forum non conveniens* dismissal, the trial court's ruling has come in response to a pre-answer motion to dismiss. In such a case, the parties have not been put to the expense of discovery and the witnesses have not been brought to the forum for trial. Therefore, the appropriateness of dismissal is determined merely by weighing the factors outlined in *Carr. See Dorati v. Dorati, supra.* When, however, the parties and the court have expended their time, effort and money preparing for trial, other considerations enter the picture and the *Carr* factors are no longer dispositive. Thus in *Wilburn v. Wilburn,* D.C.App., 192 A.2d 797 (1963), we reversed when the trial court dismissed on *forum non conveniens* grounds 16 months after concluding a two-day trial. We said:

> It is not helping to relieve congested court calendars by holding the precise trial which the doctrine in part seeks to avoid, and then claiming inconvenience. We find that the trial court abused its discretion when after months of preparation, motions, pre-trial, and a full hearing consuming two days' time, it sua sponte dismissed the complaint on the ground of *forum non conveniens.* [*Id* at 801.]

*Wilburn* emphasized the significance which must be given to the timing of a *forum non conveniens* motion.

In this case, the trial court dismissed in midtrial. As in *Wilburn,* the dismissal came after months of preparation, motions, and pre-trial proceedings. The witnesses were in the courtroom prepared to proceed.

■ Of course, we recognized in *Wilburn* that situations would arise occasionally in which dismissal on *forum non conveniens* grounds would be appropriate even at the trial stage. Those, however, will be rare cases arising only where the public and private interest, as defined in *Carr,* weigh overwhelmingly in favor of dismissal. We find that this is not such a case.

Here, the private interest was not clearly served by dismissal. Continuation of the trial would not have been difficult or expensive.[6] Only four witnesses were scheduled to testify and appellant had already completed part of his testimony. Moreover, this is not a case in which access to proof or the availability of compulsory process was a problem. All of the witnesses, records and documents were present in the courtroom. Finally, there did not appear to be any problem of enforcing the judgment, nor was there any indication that the suit was brought in the District of Columbia in order to harass appellee.

Whether the public interest was served by dismissing this action is a more complex question. On the one hand, the trial court noted that appellant's claims would require examination and comparison of voluminous records and perhaps reference to the Auditor Master of the court. This would have taken court time and added to the backlogged civil calendar in the Superior Court. Also, there was the likelihood that the trial court would be faced with the task of applying foreign law. On the other hand, the public interest is not served when an action which already has utilized a substantial amount of court time is aborted in midtrial.

Under the circumstances, we find that the *Carr* factors did not overwhelmingly

---

**6.** Appellee argues in its brief that the trial would have been extremely difficult. Appellee's position is that the trial would have been spread out piecemeal and interspaced between the trial judge's other duties and could have taken a week or more. We note that the trial judge did not mention this factor in his findings and conclusions of law.

favor dismissal in midtrial and hence that the trial court abused its discretion.

## II.

Appellee argues that even if the trial court abused its discretion in dismissing on *forum non conveniens* grounds, the dismissal was appropriate because the court lacked jurisdiction over it.

■■■ Before a court may properly assert personal jurisdiction over a nonresident defendant, service of process over the nonresident must be authorized by statute and be within the confines of the due process clause of the United States Constitution. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The District of Columbia "long arm" statute provides:

§ 13–423. Personal jurisdiction based upon conduct

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia;

.    .    .    .    .

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

Our cases have interpreted this statute as permitting the exercise of personal jurisdiction over nonresident defendants to the extent permitted by the due process clause. *E. g., Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc.,* D.C.App., 355 A.2d 808, 810–11 (1976).

■■■ Under § 13–423(a)(1), less of a nexus between the defendant and the District of Columbia is required for a finding of jurisdiction than would be required under the "doing business" test used to determine corporate presence. *International Shoe Co. v. Washington, supra.* All that is required is some affirmative act by which the defendant brings itself within the juris-

diction and establishes minimum contacts. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). However, under § 13–423(a)(1) and the doctrine of *International Shoe,* a finding that the defendant has "transacted business" in the District of Columbia does not result in unlimited jurisdiction. Instead, jurisdiction is limited to claims arising from the particular transaction of business which provides the basis for jurisdiction. D.C.Code 1973, § 13–423(b). In other words, the statute would not grant the Superior Court jurisdiction over a nonresident defendant with respect to a claim arising from a shipment of goods to a purchaser in Pennsylvania, solely on the ground that the defendant had also shipped goods to purchasers in the District.

In the present case, appellant was a salesman for appellee with a territory covering eastern Pennsylvania, Maryland, Delaware and the District of Columbia. Appellee concedes that by shipping goods to the District of Columbia, it may have subjected itself to a suit in the Superior Court by appellant for the loss of commissions arising from the District of Columbia sales. Appellee contends, however, that appellant's present claim of lost commissions arises out of his activities in Pennsylvania, Maryland and Delaware as well as the District of Columbia. Appellee further argues that since appellant failed to allege specifically in his complaint, or otherwise show, that some of the commissions he lost were a result of sales in the District of Columbia he did not carry his burden of setting forth jurisdictional facts which would support jurisdiction under the provisions of § 13–423.

■■ In our view, appellee's contentions are based on an erroneous interpretation of § 13–423. The limitation in § 13–423(b) that the claim for relief must arise from the transaction of business in the District of Columbia is meant to prevent "the assertion of claims in the forum state that do not bear some relationship to the acts in the forum state relied upon to confer jurisdiction." *Malinow v. Eberly,* 322 F.Supp. 594, 599 (D.Md.1971). Once, however, the claim

is related to acts in the District, § 13–423 does not require that the scope of the claim be limited to activity within this jurisdiction.

This view is supported by the legislative history of § 13–423. The District of Columbia "long arm" statute is modeled after the Uniform Interstate and International Procedure Act. *See Founding Church of Scientology, Etc. v. Verlag,* 175 U.S.App.D.C. 402, 405, 536 F.2d 429, 432 (1976). The note of the Commissioners on Uniform State Laws states in reference to the Uniform Act counterpart of § 13–423:

> The concept of cause of action or claim for relief should be broadly construed to cover an entire transaction so that, when possible, the entire dispute may be settled in a single litigation. Subdivision (b) is designed to prevent assertion of independent claims *unrelated to any activity described* in subdivision (a) of § 103. [13 U.L.A. § 103 at 288 (1975) (emphasis supplied).]

In the present case, appellant alleged in his complaint that appellee sold to clothing stores in the District of Columbia and received payment for those sales. Appellee also contracted with appellant to solicit orders and sell goods here. In the affidavit filed in support of appellee's motion to dismiss, appellee did not deny that appellant's claim arose, in part at least, out of sales in the District of Columbia. We find that appellant alleged sufficient facts to support jurisdiction under § 13–423. *Mosley v. Nationwide Purchasing, Inc.,* 485 F.2d 418 (Temp.Emer.Ct.App.1973).

Finally, we find that our exercise of jurisdiction in the present case does not offend due process. As the Supreme Court indicated in *McGee v. International Life Insurance Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957), "[i]t is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that state." *See generally Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

Accordingly, the judgment below is

*Reversed and remanded for proceedings consistent with this opinion.*