(No. 60607, 60608 cons.—

JOHN A. BELL, Appellee, v. LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellant.—WILLIAM THORNTON, Appellee, v. LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellant.

*Opinion filed April 19, 1985.—Rehearing denied*
*May 22, 1985.*

John B. Gunn, James C. Cook and Anthony L. Martin, of Walker & Williams, P.C., of Belleville, for appellant.

Callis & Hartman, P.C., of Granite City (Eric D. Jackstadt, of counsel), for appellees.

CHIEF JUSTICE CLARK delivered the opinion of the court:

We have consolidated two cases for review, Bell v. Louisville & Nashville Railroad Company, No. 60607 (*Bell*), and Thornton v. Louisville & Nashville Railroad Company, No. 60608 (*Thornton*). Both cases are before this court on interlocutory appeals from the circuit court of St. Clair County. We will first set forth the facts of each case. Then, we will discuss the issue presented by these cases.

We begin by setting forth the facts of *Bell*. John Bell filed two complaints against the Louisville & Nashville Railroad Company (railroad) under the Federal Employers' Liability Act (FELA) (45 U.S.C. sec. 51 *et seq.* (1982)) in the circuit court of St. Clair County. The first complaint was filed February 17, 1981; it sought compensatory damages for injuries the plaintiff allegedly sustained on September 20, 1979, while attempting to repair a railroad car in the railroad's Louisville, Kentucky, car shop. (The plaintiff filed a motion to change the date of the alleged occurrence from September 20, 1979, to August 23, 1979; this motion was allowed.) The plaintiff filed his second complaint on July 6, 1981. This complaint sought compensatory damages for injuries Bell allegedly sustained on August 18, 1980, while again at-

tempting to repair a railroad car in the railroad's Louisville, Kentucky, car shop. The circuit court consolidated the two complaints on April 11, 1983.

After the complaints were filed, the parties proceeded with discovery and pretrial motions. It was not until May 11, 1984, that the railroad filed a motion asking the circuit court to decline jurisdiction of the cases and to dismiss the cases on the grounds of *forum non conveniens*. In its motion the railroad alleged that: (1) the plaintiff was a resident of Louisville, Kentucky; (2) the alleged injury was sustained in Louisville, Kentucky; (3) Louisville, Kentucky, is approximately 275 miles from Belleville, Illinois, the site of the St. Clair County courthouse; (4) although the railroad at the time the alleged injury occurred was a Kentucky corporation with its principal place of business in Louisville, Kentucky, it had since merged with Seaboard System Railroad, Inc., a Virginia Corporation headquartered in Jacksonville, Florida; (5) the testimony of employee and nonemployee witnesses would be required and that these witnesses were residents of Kentucky; (6) since the nonemployee witnesses were Kentucky residents they could not be compelled to appear in Illinois; (7) the railroad would incur large expenses if the case proceeded to trial in Illinois; (8) the plaintiff's only connection with St. Clair County was that one of his attorneys was licensed to practice law in Illinois; (9) the absence of employee witnesses for unknown periods of time would disrupt the operation of the railroad; and (10) there was a large backlog of cases in St. Clair County.

The plaintiff filed a memorandum in opposition to the railroad's motion. On May 30, 1984, the circuit court denied the railroad's motion. The railroad filed a timely petition for leave to appeal with the appellate court under our Rule 306(a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)). On July 27, 1984, the appellate court filed an order denying the

railroad's petition. (Bell v. Louisville & Nashville R.R. Co. (5th Dist. 1984), No. 5—84—0364.) The railroad then petitioned this court for leave to appeal, and we granted its petition.

We now turn to the facts in *Thornton*. On August 5, 1981, William Thornton filed a complaint against the railroad under the FELA (45 U.S.C. sec. 51 *et seq.* (1982)) in the circuit court of St. Clair County. The complaint sought compensatory damages for injuries he allegedly sustained on August 22, 1980, when he fell down in the washroom of the railroad's yard office in Sharonville, Ohio. The complaint alleged that there was a faulty exhaust system in the motor vehicle which the railroad used to transport the plaintiff to Ohio and that this faulty exhaust system led to his injuries.

After the complaint was filed, the parties proceeded with discovery and pretrial motions. About 32 months later, on April 3, 1984, the railroad filed a motion asking the circuit court to decline jurisdiction of the case and to dismiss it on the grounds of *forum non conveniens*. In its motion, the railroad alleged that: (1) the plaintiff was a resident of Independence, Kentucky; (2) the alleged injury occurred in Sharonville, Ohio; (3) Sharonville, Ohio, is approximately 330 miles from Belleville, Illinois, the site of the St. Clair County courthouse; (4) the railroad was a Kentucky corporation with its principal place of business in Louisville, Kentucky (The railroad did not refer to the merger with Seaboard System Railroad, Inc., as it did in the *Bell* motion); (5) the testimony of employee and nonemployee witnesses would be required and that these witnesses were residents of Ohio; (6) since the nonemployee witnesses were Ohio residents they could not be compelled to appear as witnesses in Illinois; (7) the railroad would incur large expenses if the case proceeded to trial in Illinois; (8) the plaintiff's only connection with St. Clair County was that one of his at-

torneys was licensed to practice law in Illinois; (9) the absence of employee witnesses for unknown periods of time would disrupt the operation of the railroad; and (10) there was a large backlog of cases in St. Clair County.

The plaintiff filed a memorandum in opposition to the railroad's motion. On April 23, 1984, the circuit court denied the railroad's motion. The railroad filed a timely petition for leave to appeal with the appellate court under our Rule 306 (a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)). On July 27, 1984, the appellate court filed an order denying the railroad's petition. (Thornton v. Louisville & Nashville R.R. Co. (5th Dist. 1984), No. 5—84—0363.) The railroad petitioned this court for leave to appeal, and we granted the petition. We then consolidated this case with *Bell*.

The issue presented by these two cases is whether a defendant's delay in asking the circuit court to decline jurisdiction and to dismiss a case on the grounds of *forum non conveniens* results in a waiver of the defendant's right to object to the plaintiff's choice of forum.

We note initially that the circuit court denied the defendant's motions on the basis of the parties' "written briefs and oral arguments." However, the defendant's motions and the plaintiffs' objections did not address the issue which is now before this court. Furthermore, the transcripts of the oral arguments on these motions were not made available to us. During oral argument before this court, defendant's counsel asserted that the circuit court's orders in these cases discussed waiver and the defendant's delay in filing its motions. Despite the assertions of defendant's counsel, we did not find any mention of waiver or delay with regard to the filing of the *forum non conveniens* motions in the circuit court's orders. The record before us indicates that the issue of waiver was not raised in the circuit court.

This court has often set forth the general rule that an issue not raised in the circuit court cannot be raised for

the first time on appeal. (*People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303, 313.) However, the general rule is not unyielding (61 Ill. 2d 303, 313), since this court has also stated that it will consider an issue not raised in the circuit court if the record contains all the factual material that is necessary to decide the issue. 61 Ill. 2d 303, 313; *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147.

The issue in the present appeal concerns the defendant's lengthy delay in filing its *forum non conveniens* motions. Since this information is in the record, the facts necessary to decide the issue are before us. Therefore, we need not reach a conclusion as to whether the issue was raised in the circuit court. Additionally, both parties have briefed and argued the issue. Consequently, we will address it.

All parties involved in this appeal agree that under the previous opinions of this court the defendant's *forum non conveniens* motions should have been allowed and the cases dismissed. (See *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111.) However, the plaintiffs argue that, in view of the defendant's lengthy delay in filing the motions, substantial injustice would have resulted if the motions had been granted. The plaintiffs contend that the defendant waived its objection to the plaintiffs' choice of forum by its delay in asking the circuit court to decline jurisdiction and to dismiss the cases on the basis of *forum non conveniens*. The plaintiffs assert that, at some point prior to trial, a defendant waives the right to object to the plaintiff's choice of forum and can no longer ask the court to decline jurisdiction and dismiss the case based on the doctrine of *forum non conveniens*. The defendant, on the other hand, argues that the objection can never be waived; but, if it can be waived, it cannot be waived at any point prior to

trial.

This court, as well as other courts, has relied on the factors set forth in the landmark decision of *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, when considering a motion to dismiss based on the doctrine of *forum non conveniens. Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90; *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511; *Fifth & Walnut, Inc. v. Loew's, Inc.* (S.D.N.Y. 1948), 76 F. Supp. 64; *Arthur v. Arthur* (D.C. Ct. App. 1982), 452 A.2d 160; *Crown Oil & Wax Co. v. Safeco Insurance Co. of America* (D.C. Ct. App. 1981), 429 A.2d 1376; *Cohane v. Arpeja-California, Inc.* (D.C. Ct. App. 1978), 385 A.2d 153; *Carr v. Bio-Medical Applications of Washington, Inc.* (D.C. Ct. App. 1976), 366 A.2d 1089; *Wilburn v. Wilburn* (D.C. Ct. App. 1963), 192 A.2d 797.

In *Gulf Oil*, the court stated:

"An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.

The circuit court, in the cases now before this court, weighed these factors and found that the balance did not favor the railroad. Therefore, the circuit court denied the railroad's motions. In the orders denying the railroad's petitions for leave to appeal, the appellate court stated that based on recent decisions of this court the defendant's petition would have normally been granted. However, because of the defendant's delay in filing the motions in the circuit court, the appellate court concluded that "fairness, convenience and considerations of judicial economy" justified the circuit court's denial of the motions to decline jurisdiction. Therefore, the appellate court denied the railroad's petitions for leave to appeal. Bell v. Louisville & Nashville R.R. Co. (5th Dist. 1984), No. 5—84—0364; Thornton v. Louisville & Nashville R.R. Co. (5th Dist. 1984), No. 5—84—0363.

This court has never addressed the issue presented by these cases. However, other courts have considered the timeliness of the *forum non conveniens* motion. While one court has held that the objection is waived if not

made before the date fixed for filing the answer (*Halliburton Co. v. District Court* (Okla. 1974), 525 P.2d 628, 630), other courts have viewed a defendant's delay in making a *forum non conveniens* motion as an additional factor to be weighed along with the *Gulf Oil* factors when considering whether to allow or deny the motion. *Fifth & Walnut, Inc. v. Loew's, Inc.* (S.D.N.Y. 1948), 76 F. Supp. 64; *Arthur v. Arthur* (D.C. Ct. App. 1982), 452 A.2d 160; *Crown Oil & Wax Co. v. Safeco Insurance Co. of America* (D.C. Ct. App. 1981), 429 A.2d 1376; *Cohane v. Arpeja-California, Inc.* (D.C. Ct. App. 1978), 385 A.2d 153; *Dietrich v. Texas National Petroleum Co.* (1963), 56 Del. 435, 193 A.2d 579; *Wilburn v. Wilburn* (D.C. Ct. App. 1963), 192 A.2d 797.

In *Fifth & Walnut, Inc.*, for example, the defendant moved to dismiss the complaint on the grounds of *forum non conveniens*. The court noted that the motion was made 10 months after the suit was filed and that it was not considered by the trial court until almost 15 months after the defendant had filed its answer. The court stated: "This long delay does not impress one as being the course usually taken by defendants who feel that they have been vexed, harassed or oppressed by plaintiff's choice of an inconvenient forum. It is not the spontaneous hue and outcry of persons who have been outraged." (*Fifth & Walnut, Inc. v. Loew's, Inc.* (S.D.N.Y. 1948), 76 F. Supp. 64, 67.) The court went on to state that the motion could be made before or after the answer but that it should be made with "reasonable and appropriate promptness. *** Defendants cannot answer, take depositions of plaintiffs, permit plaintiffs to examine witnesses on deposition, have plaintiffs incur pre-trial expenses *** and prepare for trial and finally after many months have passed, raise an objection to the forum for the first time. Such inaction does not prompt the court to exercise discretion in their favor." (76 F.

Supp. 64, 67.) The court considered the lateness of the defendant's motion along with other factors and found that the plaintiff's choice of forum was not inconvenient.

In *Grant v. Starck* (1981), 96 Ill. App. 3d 297, and *McDonald's Corp. v. Smargon* (1975), 31 Ill. App. 3d 493, our appellate court addressed the issue of whether a *forum non conveniens* motion was waived if not made before the date fixed for filing the answer. In both cases the court stated that a defendant must conduct some discovery to determine whether the motion is appropriate and that under court rules discovery could not begin until all the defendants had appeared. Therefore, in each case, the court held that a motion based on the doctrine of *forum non conveniens* was not waived if not made before the date fixed for filing the answer. *Grant v. Starck* (1981), 96 Ill. App. 3d 297, 300; *McDonald's Corp. v. Smargon* (1975), 31 Ill. App. 3d 493, 499.

We believe that our appellate court has properly stated that some discovery must be had before it can be determined whether the motion is appropriate. In addition, we do not believe that there should be a waiver rule, *per se*, setting forth a specific time in which a defendant must ask the circuit court to decline jurisdiction and dismiss the case on the basis of *forum non conveniens*. Since the *forum non conveniens* doctrine is an equitable doctrine (*People ex rel. Atchinson, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 520) "founded in considerations of fundamental fairness and sensible and effective judicial administration" (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514), and since equity aids the vigilant and not those who sleep on their rights (*Flannery v. Flannery* (1943), 320 Ill. App. 421, 432), we hold, as some other courts have, that a defendant's delay in asking the circuit court to decline jurisdiction on the basis of *forum non conveniens* should be one of the factors weighed in

considering the motion and determining whether the circuit court has abused its discretion.

We must examine the timeliness of the motions in *Bell* and *Thornton* to determine whether the railroad slept on its rights. In *Bell*, the complaints were filed on February 17, 1981, and on July 6, 1981. The cases were consolidated on April 11, 1983. After the cases were filed, the defendant took depositions of the plaintiff, sent interrogatories to the plaintiff, filed requests for production, took depositions of physicians and made pretrial motions. The plaintiff conducted similar discovery as well. The defendant first asked the court to decline jurisdiction on the basis of *forum non conveniens* on May 11, 1984, almost 39 months after the first complaint was filed, almost 34 months after the second complaint was filed and almost 12 months after the cases were consolidated.

A similar factual situation is present in *Thornton*. Thornton filed his complaint on August 5, 1981. Both sides commenced discovery. The defendant did not ask the court to decline jurisdiction and dismiss the case on *forum non conveniens* grounds until April 3, 1984, almost 32 months after the complaint was filed.

A defendant who believes that the forum chosen by the plaintiff is inconvenient should not allow the lengthy periods of time which were involved in these cases to pass without asking the court to decline jurisdiction and dismiss the case. As the court stated in *Fifth & Walnut, Inc. v. Loew's, Inc.* (S.D.N.Y. 1948), 76 F. Supp. 64, 67: "Such inaction does not prompt the court to exercise discretion in [the defendant's] favor." In this case, the defendant's motions in *Bell* and *Thornton* were untimely.

The circuit court's orders in these cases set forth the various factors it weighed in deciding the defendant's motions, namely: the distance from the forum to the accident sites; the availability of compulsory process; the

cost of transporting witnesses; whether the accident site would have to be viewed; and the backlog of cases in St. Clair County. On weighing these factors, the court concluded that the balance did not favor the railroad. It is within the sound discretion of the circuit court to determine whether a motion to dismiss under the doctrine of *forum non conveniens* should be allowed or denied. The circuit court will only be reversed if there was an abuse of discretion. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 365; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110.) If we were to only weigh the factors considered by the circuit court, we would hold that the circuit court abused its discretion and would reverse the circuit court. However, as a reviewing court, we can sustain the decision of the circuit court on any grounds which are called for by the record regardless of whether the circuit court relied on the grounds and regardless of whether the circuit court's reasoning was correct. (See *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387; *Monarski v. Greb* (1950), 407 Ill. 281, 291.) After weighing the factor of the defendant's delay in filing its motions asking the circuit court to decline jurisdiction and dismiss the cases on the basis of *forum non conveniens*, we feel that the circuit court's decision was correct, even though, the grounds it relied on were incorrect. Therefore, we affirm the circuit court's order.

Before we conclude, we will address one additional point that the railroad has made. The railroad contends that *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, should control our decision. The defendant contends that *Lowe* is controlling because "the *Lowe* court held that a defendant waived nothing by waiting even until the eve of trial to invoke the doctrine of *forum non conveniens*." We disagree with the defendant's contention.

In *Lowe*, 47 railroad employees sued the railroad seeking compensatory damages for injuries they received while attempting to clean up after chemicals spilled from a railroad tank car. The plaintiffs sued two other defendants as well; these defendants moved to have the cases dismissed on the grounds of *forum non conveniens*. The railroad joined the motions. The railroad later filed its own unverified forum motions. These motions were denied. The railroad then filed verified motions. In February 1982, the railroad filed a motion asking the circuit court to reconsider its earlier forum motions. This motion was denied. The case proceeded to trial on March 15, 1982. At the close of the evidence, the jury returned verdicts in favor of all the plaintiffs.

One issue on review in *Lowe* was whether the circuit court should have granted the railroad's *forum non conveniens* motion. After reviewing the facts in the case, the appellate court held that the circuit court abused its discretion when it denied the railroad's forum motion.

The defendant's contention that *Lowe* should control our decision because it held that the forum objection was not waived by waiting until the eve of trial to make that objection is incorrect. First, *Lowe* did not discuss delay or waiver of a defendant's forum motion. Second, the defendant in *Lowe* did not wait until the eve of trial to object to the plaintiff's choice of forum. The defendant in *Lowe* had made the motion earlier in the litigation. In the present appeal, however, the defendant objected to the plaintiffs' forum choices for the first time 39 months, 34 months and 32 months after the respective complaints were filed.

The court system, like the railroad system, is affected by delays. When there are delays in either, the effects can be far reaching. Delaying a *forum non conveniens* motion is like delaying a train, both create backlogs. We cannot and will not tolerate lengthy delays by defend-

ants in filing motions asking the circuit court to decline jurisdiction and dismiss a cause of action based on the doctrine of *forum non conveniens.*

For the reasons set forth, we affirm the orders of the circuit court denying the defendant's motions to decline jurisdiction and dismiss based on the doctrine of *forum non conveniens.*

*Orders affirmed.*

JUSTICE MORAN, specially concurring:

The equitable doctrine of *forum non conveniens* is "founded in considerations of fundamental fairness and sensible and effective judicial administration." (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514.) The doctrine presupposes that some plaintiffs will file suit in a forum which is inconvenient for the parties in an effort to "seek not simply justice but perhaps justice blended with some harassment." (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 507, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 842.) Fairness and sensible judicial administration dictate that an action should not be tried in a forum having a tenuous connection to the cause of action. As such, the doctrine invests trial courts with wide discretion to decline jurisdiction whenever they determine that a particular action may be more conveniently tried in another forum. *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 76.

Nevertheless, as today's opinion points out, it is equally unfair for a court to decline jurisdiction on the basis of *forum non conveniens* after a case has been pending before it for a significant period of time. By that time, the parties and the court have expended considerable effort, time and money. Considerations of fairness and sensible administration require that motions to dismiss based on the *forum non conveniens* doctrine

should be timely filed. I therefore agree that a defendant's delay in requesting a court to decline jurisdiction on the basis of *forum non conveniens* should be one of the many factors considered by it in determining whether to grant or deny the motion. I also concur in the result reached today in these two cases.

I write separately, however, to express concern with the majority's decision not to set a specific time in which a defendant must ask the court to decline jurisdiction on the basis of *forum non conveniens*. The majority's reluctance to establish a *per se* rule is understandable. Whether it is "fair" or "sensible" to dismiss a case often turns on its particular facts and circumstances. Nevertheless, I believe that today's decision provides no guidance whatsoever to trial courts or parties. As such, defendants will be placed in a precarious situation. They have no indication as to how much of a delay will be fatal to their success. This is particularly troublesome in light of the fact that defendants must conduct some discovery before they can determine whether a motion based on the *forum non conveniens* doctrine is appropriate. (See 106 Ill. 2d at 146-47; *Grant v. Starck* (1981), 96 Ill. App. 3d 297, 300; *McDonald's Corp. v. Smargon* (1975), 31 Ill. App. 3d 493, 499.) Thus, some delay is inevitable.

Instead of proposing a *per se* waiver rule, I suggest that the problem with delay can in many cases be managed by the trial court. A defendant, in many instances, can determine from the face of plaintiff's complaint whether a *forum non conveniens* issue might exist. Thus the defendant, at the time of filing his answer, could also file a notice of his intent to file a motion to dismiss based on *forum non conveniens*. At that time, the trial court, after considering the circumstances of the particular case, could set a date certain in which the defendant had to file the motion. The date could be extended for good cause shown by the defendant. This procedure

would allow defendants to safely conduct discovery before raising the motion and ensure that the motion was not only timely filed but sufficiently informative of the factual basis.

In addition, I disagree with my colleagues' decision to apply the new rule announced today retrospectively. In the past, this court has provided for the prospective application of new rules of law where "retrospective application of our decision may result in great hardship" to a class of individuals who have relied on our previous decisions. (*Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 26; see, *e.g., Alvis v. Ribar* (1981), 85 Ill. 2d 1, 28-29; *Skinner v. Reed-Prentice Division Package Machinery Co.* (1978), 70 Ill. 2d 1, 16-17; *Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 359.) Today's opinion is a departure from our previous decisions on *forum non conveniens*. Indeed, the majority opinion concedes that under our previous decisions the defendant's *forum non conveniens* motions should have been allowed and the cases dismissed. (106 Ill. 2d at 142-43.) The new rule of law announced today will certainly work a hardship on those defendants who have relied on the previous opinions of this court. In this court alone, there are 28 petitions for leave to appeal on this issue. By refusing to apply this new rule prospectively, countless defendants will be forced to litigate in an inconvenient forum because of the new rule of law adopted today. I would hold that this new rule applies to these two cases and all lawsuits filed in the circuit court after the decision here becomes final.