MIDWAY AIRLINES, INC., Plaintiff-Appellee, v. THE DEPARTMENT OF
REVENUE, Defendant-Appellant.

First District (5th Division)   No. 1—91—1451

Opinion filed July 10, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan,
Solicitor General, and Jennifer A. Keller, Assistant Attorney General, of
Chicago, of counsel), for appellant.

Mark A. Harris, of Latham & Watkins, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

The Illinois Department of Revenue (IDR) appeals from an order of the circuit court issued in an administrative review action brought by Midway Airlines, Inc. (Midway). The order reversed the final decision of the IDR's Director, finding that certain meal trays and hand towels used by Midway in conjunction with its in-flight meal service were exempt from taxation as "rolling stock" pursuant to section 3(b) of the Illinois Use Tax Act (UTA) (Ill. Rev. Stat. 1989, ch. 120, par. 439.3(b)). For reasons that follow, we reverse the order of the circuit court.

The parties have stipulated to the following facts.

During the tax period at issue here, i.e., September 1, 1983, through May 31, 1986, Midway, a Delaware corporation, was an interstate air carrier authorized to engage in interstate air transportation. In September 1986 Midway was notified by the IDR of a tax deficiency under the UTA. (Ill. Rev. Stat. 1985, ch. 120, par. 439.1 et seq.) The IDR assessed Midway's use tax liability for the above-cited tax period to be $138,230. Adding $6,912 in penalties and $60,821 in interest, the total tax due this State from Midway was determined to be $205,963.

Midway filed a timely protest, arguing that the IDR improperly assessed $93,023 in tax on food trays and hand towels used by Midway in conjunction with its in-flight meal service. Midway contended that these items were exempt from Illinois use tax because (1) they were not used in Illinois, and (2) because they were exempt from taxation under either (a) the temporary storage exception, or (b) the rolling stock exception to the UTA.

An administrative law judge (ALJ) reviewed the matter[1] and concluded that the food trays and hand towels should be exempt from taxation under the Illinois UTA temporary storage exception. (Ill. Rev. Stat. 1987, ch. 120, par. 439.3(e).) Although the ALJ did not ad-

---

[1]Midway paid $138,230 to the Illinois Department of Revenue in conjunction with the IDR's determination of Midway's tax liability in that amount. Despite the fact that the IDR later reaudited Midway's tax liability for the tax period and reduced the tax liability to $132,047, Midway filed a protective claim for credit seeking credit in the amount of $93,023 plus interest and penalties, in connection with the IDR's tax liability assessment regarding the food trays and hand towels. The protective claim and the tax assessment protest were then consolidated.

dress the question of whether the items were also exempt as rolling stock, the ALJ recommended that Midway's tax liability be reassessed and that Midway be granted a tax credit based upon the determination that the food trays and hand towels were exempt from use tax.

The then-director of the IDR, who had the authority to render the final decision in the dispute as to tax liability, rejected the ALJ's recommendation, maintaining that the food trays and hand towels were subject to the Illinois use tax and that neither the temporary storage exception nor the rolling stock exception applied to the food trays and hand towels. Midway then sought administrative review of this decision in the circuit court of Cook County.

The circuit court agreed that the food trays and hand towels were used by Midway in Illinois, but held that these items should be exempt from taxation under the rolling stock exception to the Illinois UTA. The court, therefore, reversed the Director's decision on this point. However, the court further held that it made no finding with regard to the temporary storage exception.

The IDR filed a timely notice of appeal from the circuit court's decision, raising a single issue for this court to review. That issue is whether the circuit court erred in determining that the food trays and hand towels used by Midway may be construed as "rolling stock" and, therefore, accorded the exemption from use tax under the applicable section of the UTA. Ill. Rev. Stat. 1987, ch. 120, par. 439.3(b).

■ Initially, we note that our review of a judgment in an administrative review action is limited. This court must affirm the ruling of an administrative agency unless it is found to be contrary to the manifest weight of the evidence. (*LeTourneau R.R. Services, Inc. v. Department of Revenue* (1985), 134 Ill. App. 3d 638, 481 N.E.2d 864.) Furthermore, tax exemptions are to be strictly construed against the taxpayer and in favor of the taxing power, with the burden on the one claiming the exemption to show that the property clearly falls within the exemption. (*Burlington Northern, Inc. v. Department of Revenue* (1975), 32 Ill. App. 3d 166, 174, 336 N.E.2d 170.) In light of the standards and the stipulated facts in this case, we must reverse the trial court's overturning of the IDR's ruling.

■ The pertinent portion of section 3 of the UTA (Ill. Rev. Stat. 1987, ch. 120, par. 439.3), under which Midway claims an exemption, states:

> "To prevent actual or likely multistate taxation, the tax herein imposed does not apply to the use of tangible personal property in this State under the following circumstances:
> ***

(b) the use, in this State, of tangible personal property by an interstate carrier for hire as rolling stock moving in interstate commerce ***."

■ The term "rolling stock" as used in this provision is not defined. Consequently, the term, not being specifically defined, should be given its common and ordinary meaning. (See *Lake County Board of Review v. Property Tax Appeal Board* (1988), 119 Ill. 2d 419, 519 N.E.2d 459.) Upon investigation we find that the term "rolling stock" is typically used to describe vehicles. Webster's Third New International Dictionary defines the term as "the wheeled vehicles (as locomotives, passenger cars, or freight cars) owned and used by a railroad: the wheeled vehicles (as trucks or tractor-trailers) owned and used by a motor carrier." (Webster's Third New International Dictionary 1969 (1986).) Although this definition may be extended to certain vehicles or equipment used by an air carrier, it would be a strained definition indeed if we were to extend it, as Midway would have us do, to disposable food trays and hand towels.

In addition to the dictionary definition of rolling stock, we are also guided by the interpretation of the term found in the Illinois Administrative Code (86 Ill. Adm. Code §130.340 (1985).) In this provision, rolling stock is interpreted to include "the transportation vehicles of any kind of interstate transportation company for hire" as well as "some equipment (such as containers called trailers) which are used by interstate carriers for hire, loaded on railroad cars, to transport property, but which do not operate under their own power and are not actually attached to the railroad cars." The Code goes on to state that the exemption *does not* apply to "fuel nor to jacks or flares or other items that are used by interstate carriers for hire in servicing the transportation vehicles, but that do not become a part of such vehicles, and that do not participate directly in some way in the transportation process." 86 Ill. Adm. Code §130.340 (1985).

■ Midway does not dispute the Code's description of rolling stock, but rather, contends that the plastic, disposable food trays and the hand towels it uses when distributing meals to its passengers fall within the parameters of this description. Such a contention, however, is ludicrous. The food trays and towels are certainly not vehicles, nor are they types of equipment which are attached to or loaded onto the aircraft and which participate directly in the transportation of passengers or cargo. Consequently, Midway's argument in favor of finding the food trays and towels to be rolling stock is untenable and we must find that Midway has not met its burden of proof in demonstrating its entitlement to the tax exemption it claims.

■■ Finally, because the circuit court found that the trays and towels constituted rolling stock and specifically refrained from considering Midway's claim of entitlement to the temporary storage exemption, Midway contends that we must remand to the circuit court if we reverse its ruling with regard to the rolling stock exemption. We disagree.

In an appeal the reviewing court determines the propriety of the lower court's judgment and is not bound to accept the reasons given by the lower court in ruling upon the correctness of that judgment. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9.) A judgment may be sustained upon any ground warranted by the record, regardless of whether it was relied upon by the lower court. (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 148, 478 N.E.2d 384.) Although an appellee need not cross-appeal a decision of the trial court in which he has obtained all that has been asked for (*People ex rel. Hartigan v. Knecht Services, Inc.* (1991), 216 Ill. App. 3d 843, 575 N.E.2d 1378 (cross-appeal not necessary where appellee does not seek reversal or modification of the judgment below)), we believe the failure to present to the reviewing court the previously asserted, alternative reasons for sustaining the trial court's judgment should constitute an abandonment of those reasons and result in their waiver. Consequently, because the appeal before us asked us only to review the circuit court's decision as to the rolling stock exemption and Midway did not argue the alternative temporary storage exemption option, we find that Midway waived that issue.

We reach this conclusion because a remand to the lower court for a determination on the temporary storage exemption issue would, most assuredly, result in a second appeal brought by whichever party received an adverse ruling. Therefore, if we did not consider the issue waived, we would be promoting piecemeal litigation.

For all the reasons stated above, we reverse the judgment of the circuit court, which reversed the final decision of the Department of Revenue denying Midway the tax exemption.

The judgment of the circuit court is reversed.

Reversed.

McNULTY, P.J., and GORDON, J., concur.