RONALD GRANT, Indiv. and as Father and Next Friend of Dale Grant, a Minor, *et al.*, Plaintiffs-Appellees, *v.* ALLEN STARCK *et al.*, Defendants-Appellants.

First District (5th Division)    No. 80-1970

Opinion filed May 8, 1981.

McKenna, Storer, Rowe, White & Farrug, of Chicago (John W. Storer, Robert S. Soderstrom, Lyndon C. Molzahn, and James P. DeNardo, of counsel), for appellants.

Marvin A. Brustin, of Chicago (Sidney Z. Karasik, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This personal injury action was filed in the Circuit Court of Cook County. Defendants moved to dismiss plaintiffs' complaint on the grounds of *forum non conveniens*. The court denied this motion but certified its ruling under Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308), and we granted defendants' application for review. We affirm.

On March 26, 1978, plaintiffs were injured when a truck driven by defendant Alan Starck struck the car in which they were riding. The collision occurred in Walworth County, Wisconsin, about one mile north of the Illinois State line, while plaintiffs were en route from Illinois to their new home in Wisconsin. Plaintiffs Ronald, Dale, and Lela Grant were riding in a car driven by Mary Grant, Ronald's wife, who is not a party to this action. Defendants Starck and Lange were driving tractor trailers for defendant Chippewa Motor Freight, Inc. Starck's vehicle struck the plaintiffs' automobile, allegedly when Mary Grant turned left in front of Starck's vehicle as he attempted to pass her car at an intersection.

Plaintiffs initially filed suit in the Federal District Court for the Northern District of Illinois against Starck and Chippewa, alleging

jurisdiction on the basis of the parties' diversity of citizenship.[1] Plaintiffs dismissed this Federal suit, however, and refiled in the Cook County Circuit Court on June 6, 1979. Defendants filed a motion to dismiss on the grounds of *forum non conveniens* and requested the court to declare Wisconsin law applicable. In its final order of June 26, 1980, the trial court denied the motion to dismiss but did not rule on the applicability of Wisconsin law.

OPINION

■■ Although defendants contend that the *forum non conveniens* doctrine "mandates" dismissal of plaintiffs' lawsuit, the issue may be more accurately framed as whether the trial court abused its discretion in denying defendants' motion. Under this doctrine a court may decline jurisdiction of a case if there is another forum that is more convenient to the parties and more conducive to judicial efficiency. (*E.g., People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 383 N.E.2d 977, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052.) Its primary purpose is to protect individual defendants from being harassed or oppressed by a plaintiff's choice of an inconvenient forum. Public interest and administrative factors are also important. (See *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843; *Air France.*) Without question, *forum non conveniens* is a discretionary doctrine; the trial court must weigh several considerations to determine whether the doctrine should be applied in a particular case. (*Gulf Oil.*) These factors, which can be divided into two categories, provide a principled basis for the court's exercise of discretion. The first category involves the private interests of the parties in conducting the litigation, such as "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling [witnesses] and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if * * * appropriate * * *; and all other practical problems that make trial of a case easy, expeditious and inexpensive." (*Gulf Oil Corp.*, 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.) The second group of factors to be considered in applying the doctrine relate to the public interest. These include administrative difficulties of the chosen forum, such as congested court dockets; the burden of jury duty on people who live in a community that has no relation to the litigation; the interest of a jurisdiction in having local controversies decided locally; and the potential problems facing the forum that must

---

[1] The complaint alleged that Ronald and Dale Grant were Wisconsin residents at the time of the occurrence. Ronald Grant later moved to Tennessee. Lela Grant is also a Tennessee resident. The defendant corporation, Chippewa, is incorporated in Wisconsin. Starck and Wayne Lange are both Illinois residents. On these facts it does not appear that the Federal court would have diversity jurisdiction.

apply the law of a foreign jurisdiction. (*Gulf Oil Corp.*) Unless the balance of these factors strongly favors defendant, a plaintiff's choice of forum should rarely be disturbed. *Stone Container Corp. v. Industrial Risk Insurers* (1980), 91 Ill. App. 3d 807, 414 N.E.2d 1227; *Air France*.

Before applying these principles to the facts of this case we must consider plaintiffs' contention that defendants should be estopped from raising the *forum non conveniens* doctrine. Plaintiffs contend that they voluntarily dismissed the Federal action pursuant to an "understanding" with defense counsel that the action would be refiled in the Cook County Circuit Court. Plaintiffs argue that defendants accordingly should be estopped from raising the *forum non conveniens* doctrine. They further argue that defendants' challenge is essentially a motion to transfer venue. Since defendants filed their motion to dismiss after filing a general appearance and answer, plaintiffs argue that they waived their objection under section 8(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 8(2)), which states that "[a]ll objections of improper venue are waived * * * unless a motion to transfer * * * is made * * * on or before the date upon which [defendant] is required to appear * * *."

■■ We find that defendants have not waived their right to raise the doctrine. The only memorandum concerning the alleged agreement that is contained in the record states:

> "Plaintiffs' counsel, after an agreement with defendants' counsel, took a voluntary dismissal and refiled in the Circuit Court. A part of that agreement was that in the Circuit Court the only issue to be raised concerning jurisdiction was the question of Transport Insurance Company as a party defendant."

■■ A motion to dismiss on the basis of *forum non conveniens* assumes that all courts concerned have jurisdiction and therefore is not truly a challenge to a court's authority to adjudicate the litigation. Thus, we do not interpret the parties' "agreement" as a relinquishment of defendants' prerogative to raise the *forum non conveniens* doctrine. Furthermore, we disagree with plaintiffs' contention that the defense motion to dismiss is analogous to an objection to venue which defendants consequently waived by failing to object before they answered the complaint. We rejected a similar argument in *McDonald's Corp. v. Smargon* (1975), 31 Ill. App. 3d 493, 334 N.E.2d 385, by noting that a defendant is unable to determine whether a motion under this doctrine will lie until he can investigate the plaintiff's complaint through discovery procedures. Under Supreme Court Rule 201(d) (Ill. Rev. Stat. 1979, ch. 110A, par. 201(d)), discovery usually cannot be initiated before all defendants appear. We concluded in *McDonald* that a defendant's motion to dismiss for *forum non conveniens* should not be analogized to an objection to improper

venue. Following this reasoning, we find that defendants have not waived their right to raise the doctrine.

Defendants contend that the relevant connections between this litigation and the two States involved strongly favor Wisconsin as the forum. First, they argue that they want to join Mary Grant, driver of plaintiff's car, as a third-party defendant, but are barred from doing so because she is a Wisconsin resident and the Illinois court cannot obtain jurisdiction over her. As a result, they would be forced to bring a second suit against her in Wisconsin, resulting in "piecemeal" litigation. They further argue that since the accident occurred in Wisconsin, sources of proof are more accessible there; the Illinois court lacks power to compel the attendance of important witnesses who reside in Wisconsin; two of the treating physicians will be burdened by extra time and expenses in travelling to Chicago to testify; an Illinois jury would be precluded from viewing the accident scene; the congested Cook County docket would cause substantially greater delays in the trial than would result from trying the case in Walworth County; the accident situs has the greater interest in deciding the controversy; and the Wisconsin court is more suited to apply its own comparative negligence law than is the Illinois court, if choice of law principles indicate that Wisconsin law will govern the action.

Plaintiffs counter these factors by enumerating others which would favor Cook County as the proper forum, e.g., the two Chippewa drivers reside in Cook County and are employed at the Chicago terminal; the tractor trailers that Starck and Lange were driving at the time of the collision had been serviced, inspected, loaded, weighed and dispatched from Chicago; the records involving the trucks and the drivers, which are relevant to plaintiffs' theory of defendants' negligence, exist in Chicago and are thus more convenient to produce in Cook County Circuit Court; Chippewa's safety director is headquartered in Chicago and would be more conveniently produced for trial in Cook County than Walworth County; all directions concerning the defendant drivers' trucking route emanated from Chicago; a citizen's band radio conversation between the two drivers, allegedly relating to Starck's decision to pass the Grant vehicle, had commenced in Illinois; at the time of the occurrence, plaintiff Ronald Grant was a registered Illinois voter and driver, who was still in the process of moving his home to Wisconsin; and with the exception of the emergency room treatment, the plaintiffs' medical treatment occurred in Illinois, and therefore most of the medical witnesses and records are located in Illinois.

■■ As the above recital indicates, both forums have some ties to the litigation. It was therefore properly within the trial court's discretion to determine which forum is the more convenient choice. Reviewing courts

have reversed orders denying motions to dismiss for *forum non conveniens* only when the connection between the litigation and plaintiff's chosen forum is so slight as to be virtually nonexistent. Thus, in *Adkins v. Chicago, Rock Island and Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 301 N.E.2d 729, the Illinois Supreme Court reversed the trial court's denial of defendant's motion to dismiss because the *only* connection the tort action had with Illinois was that the defendant railroad transacted business in Illinois. All the other considerations in the case weighed in favor of defendant's motion to dismiss. The plaintiff's decedent had been killed at a railroad crossing in Iowa; the plaintiff, a Michigan resident, initially filed suit in Federal court in Iowa but refiled in the Illinois Circuit Court after certain rulings had been made; after defendants filed their motion to dismiss, plaintiff amended the complaint to add two Illinois residents as defendants. The supreme court noted that the Rock Island, Illinois courtroom was 200 miles from the accident situs, which would preclude a jury from viewing the actual crossing. In addition, Iowa law was applicable and a trial in Iowa would proceed without the lengthy delays present in the Illinois court. The supreme court also found that the plaintiff had not used good faith in adding the two Illinois residents as defendants. Therefore, the supreme court held that defendant's motion to dismiss should have been granted. In *Giseburt v. Chicago Burlington & Quincy R.R. Co.* (1964), 45 Ill. App. 2d 262, 195 N.E.2d 746, the appellate court reversed the trial court's denial of defendant's motion to dismiss for *forum non conveniens* because there was *no* relevant connection between the litigation and the chosen forum. The plaintiff, a Missouri resident, filed suit in Illinois against defendant railroad for injuries sustained at an allegedly obstructed railroad crossing in Missouri. The case was tried in Illinois, but the plaintiff was chiefly represented by Missouri lawyers. None of the witnesses were from Illinois. The appellate court further noted that the courtroom was 350 miles away from the accident situs, precluding a jury from viewing the scene. Moreover, there were serious questions involving the interpretation of Missouri law. The court concluded that, under these circumstances, there was no justification for causing defendant to litigate in Illinois. See also *Air France* (Singapore airline cannot be sued in Illinois for injuries arising out of a hijacking to Uganda where none of the claims or plaintiffs have any connection with Illinois).

In contrast to those cases, we believe the allegations in the pending case establish the existence of substantial, relevant connections between Illinois and the cause of action. It may be, as defendants assert, that not every connection plaintiffs list is "relevant." For example, that Ronald Grant held an Illinois driver's license and voter's card at the time of the

collision does not strengthen the claim that the Illinois forum is more convenient to him; the record shows that he currently lives in Tennessee. We must determine, therefore, which considerations are the most closely related to the fairness and convenience of the respective forums.

Defendants first argue that because they cannot join Mary Grant as a third-party defendant in Illinois they will be forced to file a separate suit in Wisconsin to fully adjudicate Chippewa's potential claim against her. Such "piecemeal" litigation, they argue, wastes time and money. They cite *Mergenthaler Linotype Co. v. Leonard Storch Enterprises, Inc.* (1978), 66 Ill. App. 3d 789, 383 N.E.2d 1379, for the proposition that a court's inability to fully resolve a controversy justifies a *forum non conveniens* dismissal for that reason alone.

A similar contention was rejected in *Stone Container Corp. v. Industrial Risk Insurers* (1980), 91 Ill. App. 3d 807, 414 N.E.2d 1227, a case in which we reversed the trial court's order dismissing the Illinois corporate plaintiff's action on grounds of *forum non conveniens*. The defendants in that case argued that other parties, not amenable to Illinois jurisdiction, might be liable to them for indemnification. They also cited *Mergenthaler* as authority for dismissing the action on the grounds that piecemeal litigation would result. The *Stone Container* court, however, distinguished *Mergenthaler* as a situation in which the Illinois court only had jurisdiction over a portion of *plaintiff's* cause of action and could not adjudicate claims over several of the defendants. In contrast, in the *Stone Container* case, all of plaintiff's relief could be granted in the Illinois court. That third parties could be liable to the defendants for indemnification did not tip the scales in favor of dismissing plaintiff's action, especially in view of defendants' right to bring a subsequent suit against the indemnifying parties, if necessary.

We agree with the reasoning of *Stone Container*. Mary Grant's role in the occurrence can be explored in the discovery process and at trial. Her actual presence in the Illinois courtroom is not essential to the adjudication of plaintiffs' cause of action. We note, moreover, that her attorney has agreed to cooperate with defense attorneys' efforts to obtain her deposition. It does not appear, therefore, that her absence from the trial will prejudice defendants. The parties are not precluded from arguing her role in the occurrence, as driver of plaintiffs' vehicle, and the jury will be instructed as to the applicable law. Finally, if defendants are held liable to plaintiffs, they may then pursue their claim for contribution from Mary Grant, if necessary. We conclude that the Illinois court can fully adjudicate plaintiffs' cause of action against defendants and that the inability of defendants to join Mary Grant as a third-party defendant does not deprive them of a fair trial.

Consonant with this reasoning, we also reject defendants' argument that Wisconsin is the superior forum because the Wisconsin deputy sheriffs who investigated the occurrence cannot be compelled to testify in Illinois. Again, these witnesses may be deposed if they are not willing to testify in the Cook County courtroom. We note that this is not a case in which *none* of the witnesses reside in the forum State, as was true in *Giseburt*. In contrast, plaintiffs argue that much—if not most—of the necessary evidence and witnesses are located in Illinois, including medical records and essentially all of the information relating to defendants' trucking operation. The latter documents include maintenance and loading records and the physical examinations of the defendant drivers. With the bulk of the documentary evidence in Illinois, as well as the presence of potential witnesses in this State, we cannot agree that Wisconsin is the more convenient forum merely because the investigating officers reside there.

Defendants further argue that an Illinois jury is necessarily precluded from viewing the scene of the occurrence. Illinois courts have acknowledged that in some cases a view of the scene may be helpful (*Adkins*; *Giseburt*; *cf. Stone Container*), but no case has held that this factor is determinative. Indeed, in many cases, photographs or drawings may adequately illustrate the situs. (*Stone Container*.) We are not persuaded that a jury view of the scene will be necessary or desirable in the pending case; however, we leave open the question of whether such an event could be arranged by agreement of the parties and the trial court.[2] Even assuming a jury view is infeasible, we do not believe this consideration strongly weighs in favor of moving the trial to Walworth County.

We next consider some of the public interest factors that defendants believe support their position. One of the most important, defendants contend, is the judicial preference for the forum whose law will apply. Although the trial court has not definitively ruled on this issue, defendants state that it is highly likely that Wisconsin law will govern this litigation. They assert that this consideration "has been recognized as dispositive by the courts of this state," citing *Adkins*. The supreme court in *Adkins* did state that an Iowa court is in the superior position to determine Iowa law; however, this was cited as only one of several relevant considerations in determining the application of the *forum non conveniens* doctrine. More recently, we specifically held in *Stone Container* that choice of law considerations could not be deemed dispositive, in light of the other relevant connections the litigation may have with the forum. (*Stone*

---

[2] The distance from Chicago to Walworth County is approximately 90 miles. In *Adkins* the distance between the forum and the accident scene was 200 miles; in *Giseburt* it was 350 miles.

*Container*, 91 Ill. App. 3d 807, 816, 414 N.E.2d 1227, 1234.) Questions of foreign law are often presented to the courts. We refuse to assume that an Illinois judge is incompetent to determine, under our "most significant contacts" criteria (see *Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 262 N.E.2d 593), which State's law applies to this controversy and then to subsequently apply that law.

Defendants' final contention is that a trial in Walworth County would progress at a faster pace than it would in Cook County because of the relatively fewer number of cases filed in Walworth County. We have no statistics to actually compare the delays between suits filed and judgments reached in the two counties. While it is not improbable that a trial in Wisconsin would progress more quickly, we decline to speculate on this possibility. Moreover, since other variables undoubtedly contribute to trial delay, we do not believe defendants have demonstrated that the conduct of the litigation would be significantly facilitated in Wisconsin.

We have examined the parties' arguments and have restricted our inquiry to determining whether the balance of factors set forth above so favors defendants as to establish that the trial court abused its discretion in denying the motion to dismiss. As plaintiffs have indicated, almost all of the relevant medical evidence is located in Illinois, as well as all of the pertinent information regarding defendants' trucking operation. Plaintiffs have established their need for easy access to that information. As the reviewing court, we are not in a position to reweigh the connections between the litigation and the forums. We conclude, however, that plaintiffs sufficiently established relevant connections between the controversy and the Cook County court. None of defendants' factors strongly justifies removal of this cause from plaintiffs' chosen forum. We accordingly affirm the trial court's order denying defendants' motion to dismiss.

Affirmed.

LORENZ and MEJDA, JJ., concur.