SUZAN SNOOK, Guardian and Next friend of Christopher Snook, Minor, Plaintiff-Appellee, v. LAKE FOREST HOSPITAL *et al.*, Defendants (Dr. Peter Kearney *et al.*, Defendants-Appellants).

First District (1st Division)   No. 84—1575

Opinion filed May 28, 1985.

Robert Marc Chemers, of Pretzel & Stouffer, Chartered, of Chicago, for appellants.

John B. Schwartz and Stephen J. Caron, both of Goldberg & Goldberg, of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

This court granted a petition for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)) from an order denying defendants' motion to dismiss based upon the doctrine of *forum non conveniens*. Defendants, Dr. Peter Kearney, Dr. F. John Struwe, and Dr. R. James Finnerin, appeal from said order, and the sole issue is whether the court abused its discretion in denying defendants' motion.

The record discloses that the minor plaintiff, Christopher Snook, brought this action through his mother, Suzan Snook, to recover damages for injuries due to the alleged medical malpractice of defendants Lake Forest Hospital and Drs. Kearney, Finnerin, and Struwe. Kearney, Finnerin, and Struwe sought to transfer venue from Cook to Lake County by filing a motion to dismiss pursuant to the doctrine of *forum non conveniens*. In support of this motion, each of these defendants filed an affidavit stating that he presently resides or had resided in Lake County, Illinois, that he presently has or in the past had a medical practice limited to Lake County, and that he had treated the plaintiff in Lake County. Dr. Finnerin now resides in Lac Du Flambeau, Wisconsin. Plaintiff resided in Lake County when this action was brought, but now resides in Cook County, according to answers to interrogatories filed by plaintiff after this petition for leave to appeal was granted.[1]

Defendants contend that the trial court abused its discretion in denying their motion to dismiss. The Illinois Supreme Court has recently held that the trial court has the discretion to dismiss a case within its jurisdiction when a more appropriate intrastate forum is available and when maintenance of the action in the chosen forum causes unnecessary hardship to the defendant and other interested parties. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601.) While the application of the doctrine of *forum non conveniens* to interstate causes of action has been recognized for many years, the factors relevant there are equally applicable to intrastate situations. In *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, 301 N.E.2d 729, 730, the court stated that these factors include:

> "the relative capacities of the two courts to provide a fair trial, the relative inconvenience to witnesses and parties, and the burden placed upon the taxpayers and residents of the jurisdiction to which the cause of action is transported."

Unless the balance of these factors strongly favors defendant, a plain-

---

[1]Lake County is adjacent to and lies north of Cook County.

tiff's choice of forum should not be disturbed. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417; *Grant v. Starck* (1981), 96 Ill. App. 3d 297, 421 N.E.2d 268; *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601.) The decision whether to allow a motion to dismiss under the doctrine of *forum non conveniens* is within the sound discretion of the trial court and can be reversed on appeal if there is a showing of abuse óf discretion. *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 444 N.E.2d 157; *Grant v. Starck* (1981), 96 Ill. App. 3d 297, 421 N.E.2d 268.

Defendants argue that the balance of these factors favors Lake County as the forum since the plaintiff was a Lake County resident at the time this action was brought, these defendants resided or had resided and practiced in Lake County, and all care and treatment of plaintiff occurred in Lake County. Defendants also argue that the Lake County docket is less congested than the Cook County docket and that it would be more convenient to litigate the action at home in Lake County.

Plaintiff responds that Cook County is the proper forum since the plaintiff now resides in Cook County with his mother, Suzan Snook, many of the witnesses who will be called to testify at trial reside or have their offices in Cook County, and many of the medical records and reports are in Cook County. In addition, plaintiff claims that he received treatment in Cook County for injuries from the alleged malpractice. Defendant doctors assert that these are factors which were not made known to the motion judge and are not properly before this court.

The motion judge was aware that plaintiff's lawsuit was a medical malpractice and drug-related product liability action containing nine counts against six defendants. The three doctor defendants were named in the first two counts of the complaint and the defendant drug company, Richardson Merrell, Inc., was named in four counts. There is some suggestion that this defendant drug company is located outside the State of Illinois and did not join the other defendants in filing objections to the forum in Cook County. The record indicates that Dr. Finnerin resided in Wisconsin at the time of his motion and the other two defendant doctors resided and practiced in Lake County.

■■ It was within the trial court's discretion to balance all of the relevant factors on the record concerning this litigation and decide the appropriate forum. Reviewing courts have reversed orders denying motions to dismiss for *forum non conveniens* only when the connection between the litigation and the plaintiff's chosen forum is "so

slight as to be virtually nonexistent" (*Grant v. Starck* (1981), 96 Ill. App. 3d 297, 302, 421 N.E.2d 268, 272), or when a reviewing court determines that there has been an abuse of discretion by the trial court (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417). An analysis of the relevant factors in the instant case does not favor defendants' choice of forum. Even though Lake County is an available alternative forum, no undue hardship or great inconvenience has been demonstrated by the two defendant doctors who reside in Lake County. The distances which defendants and potential witnesses may have to travel to the forum in this case are not so great as to impose a burden or cause a great inconvenience. In the consolidated *Moore* case, the court held that 25 miles was not so great a distance that an Illinois jury, if necessary, would not be able to view the scene of the occurrence. In light of *Moore*, we do not believe that the distance between the two adjacent counties is so great as to warrant dismissal on the ground of *forum non conveniens* under the facts and circumstances of this case.

We do not have the benefit of a transcript of the proceedings below to ascertain if any consideration was given to any preference as to Cook or Lake County of the principal defendant, Richardson Merrell, Inc., nor do we have the benefit of the reason why Lake County would be more convenient for Dr. Finnerin, now residing in Lac Du Flambeau, Wisconsin. The motion judge was not obliged to ignore the possible inconvenience or effect to the other named defendants herein, if any. No argument was advanced by any of the defendants that the distance was too great or unreasonable.

In *Walker v. Iowa Marine Repair Corp.* (1985), 132 Ill. App. 3d 621, this court ruled that the lack of a transcript from the hearing on the motion to transfer based on *forum non conveniens* did not preclude review of an abuse of discretion standard and the supporting affidavit. The court ruled that, when viewed as a whole, the motion and the affidavit were not insufficient, and there were no factors supporting plaintiff's choice of forum other than their desire and the fact that the only contact with Cook County was the lawyers involved. The court in reversing the trial court ruled that Grundy County, Illinois, was the appropriate county and ordered a transfer. *Walker* may be distinguished on its particular facts from the instant case.

■ Here, defendants' motions were stamped and filed on May 7, 1984, and recited that no other defendants had been served. The defendant, Lake Forest Hospital, later filed a motion to transfer venue, and this motion was denied at the same time as the defendants' motion on May 29, 1984. The defendants' three accompanying

affidavits to their motions were very short and almost identical, with minor exceptions. The affidavits contained general factors expressing a preference for Lake County, and there was a complete absence of specific facts as to inconveniences or hardships.

"Ordinarily the plaintiff is given the choice of any forum in which there is jurisdiction, and the plaintiff's choice will not be disturbed unless the balance of factors strongly favors the defendant who is moving to dismiss on *forum non conveniens* grounds." *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224.

On balance, under the facts and circumstances of this case, we are not persuaded that the trial court abused its discretion in denying defendants' motion.

Accordingly, the order of the circuit court of Cook County is affirmed, and this cause is remanded for further proceedings not inconsistent with this opinion.

Order affirmed and remanded.

BUCKLEY and O'CONNOR, JJ., concur.