147 Ill. App.3d 656 (1986)
498 N.E.2d 285
In re S.A.C. (The People of the State of Illinois, Petitioner-Appellee,
v.
Eric Rasmussen, Respondent-Appellant).
No. 4-86-0042.
Illinois Appellate Court  Fourth District.
Opinion filed September 15, 1986.
*657 Daniel D. Yuhas and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.
Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Patrick T. Curran, all of the State's Attorneys Appellate Prosecutor, of counsel), for the People.
Order reversed.
JUSTICE MORTHLAND delivered the opinion of the court:
Eric Rasmussen appeals from a Champaign County circuit court judgment holding him in contempt of court for violating a protective order in a juvenile case. Rasmussen argues that the circuit court was without jurisdiction to enter that protective order. We reverse.
On July 2, 1985, the Champaign County circuit court issued an order of protection against Eric Rasmussen, an adult, ordering him to have no further contact with S.A.C., an allegedly delinquent minor. (Ill. Rev. Stat. 1983, ch. 37, par. 705-5.) Rasmussen was physically present in the courtroom at the July 2 hearing. However, he was not represented by counsel and had not been served with summons or named as a respondent in the cause then being heard by the court.
On September 10, 1985, the Champaign County State's Attorney filed a petition for rule to show cause against Rasmussen, alleging that he had violated the court order forbidding him to have contact with S.A.C. The State's Attorney filed a supplemental petition, containing similar allegations, on September 20, 1985. Rasmussen subsequently admitted and stipulated to the petition for rule to show cause.
Rasmussen then filed a motion to dismiss the petition on the ground that the circuit court has no jurisdiction to enter the protective order against him. The court denied this motion, and sentenced Rasmussen to 170 days' incarceration. After sentencing, Rasmussen moved to withdraw his admission and stipulation, reasserting the grounds contained in his earlier motion to dismiss. The court denied the motion to withdraw the admission, and this appeal ensued.
The statute under which the circuit court issued its order of protection provides:
"The court may make an order of protection in assistance of or as a condition of any other order authorized by this Act. The *658 order of protection may set forth reasonable conditions of behavior to be observed for a specified period by any person who is before the court on the original or supplemental petition." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 37, par. 705-5.)
In describing the procedure to be used in filing a petition or supplemental petition under the Juvenile Court Act, the statute specifies that "[i]f an order of protection under Section 5-5 is sought against any person, the petition shall so state, shall name that person as a respondent and give the address where he resides." (Ill. Rev. Stat. 1983, ch. 37, par. 704-1(4).) Finally, the statute directs that summons shall be issued to each person named as a respondent in the petition. Ill. Rev. Stat. 1983, ch. 37, par. 704-3(1).
 1 We conclude that the language of section 5-5 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 705-5), permitting an order of protection to issue against any person "who is before the court on the original or supplemental petition" refers only to a person named as a respondent under the provisions of section 4-1(4). Clearly, the procedure utilized in the instant case did not follow the dictates of the Juvenile Court Act. Having not been named as a respondent or served with summons as provided in the Juvenile Court Act, Rasmussen was not "before the court" simply by virtue of his physical presence in the courtroom. In re A.M. (1984), 128 Ill. App.3d 100, 470 N.E.2d 58; In re Hoffman (1964), 49 Ill. App.2d 436, 200 N.E.2d 37.
 2 The determination that Rasmussen was not properly before the court because he was not summoned as a respondent does not, however, end our inquiry. An adult who is properly a respondent in a juvenile case might waive summons by an appearance before the court. (In re J.W. (1981), 87 Ill.2d 56, 429 N.E.2d 501.) However, where a court order affects the legal right of a person to associate with others, in this case a 14-year-old girl, "fundamental fairness requires that such an order not be entered before the person to be subjected to the order has a reasonable opportunity to present evidence and be heard on the matter." In re Rider (1983), 113 Ill. App.3d 1000, 1004, 447 N.E.2d 1384, 1387.
The circumstances of the present case are similar to those facing this court in Rider. There, this court concluded that a noncustodial parent was deprived of due process when he was subjected to an order of protective supervision pursuant to section 5-4 of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 705-4) without a fair opportunity to present his objections to the order. Although the respondent-father in Rider was physically present in court when the order *659 was issued, he was not represented by counsel. Given the circumstances of the father's presence in the courtroom, this court rejected arguments that he had waived error by failing to object before the trial court.
 3 Like the father in Rider, Eric Rasmussen did not have a meaningful opportunity to object to the trial court's action in issuing the protective order against him. The failure to apprise Rasmussen that his presence was required as a party at the July 2, 1985, hearing, along with the failure to name Rasmussen as a respondent in a petition or amended petition specifically seeking an order of protection against him, rendered the order of protection void. Accordingly, the order adjudicating Rasmussen in contempt of court is also a nullity.
We reverse the finding of the Champaign County circuit court that Eric Rasmussen was in contempt of court.
Reversed.
WEBBER and GREEN, JJ., concur.