*In re* T.W. *et al.* (The People of the State of Illinois, Petitioner-Appellee, v. Kennice Holder, Respondent-Appellant).

Fourth District   No. 4—87—0374

Opinion filed March 1, 1988.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

The defendant, Kennice Holder, appeals the order of the circuit court of Champaign County holding him in contempt of court for violation of an order of protection. The defendant maintains the court was without jurisdiction to enter the protective order against him. The defendant relies upon our disposition in *In re S.A.C.* (1986), 147 Ill. App. 3d 656, 498 N.E.2d 285, in support of this contention. We, however, find *S.A.C.* factually distinguishable from the situation herein, and consequently affirm the trial court's order.

On July 21, 1986, the court entered an adjudicatory order declaring the minors T.W. and S.W. abused. The minors were subsequently declared wards of the court and custody was removed from their mother, Marion Ward. At the time of the hearings, Ward was living with the defendant. The defendant was not, however, present, nor was his presence requested at the hearings.

On July 31, 1986, the State filed a petition seeking an order of

protection against the defendant. At the time this petition was filed, no dispositional hearing had been held with respect to the original petition and adjudication. The petition, together with summons to appear at the hearing, was mailed to the defendant. On September 15, 1986, the defendant appeared. The court explained to the defendant the purpose of the hearing, and following hearing on the matter, the court, pursuant to section 5—5 of the Juvenile Court Act (Act) (Ill. Rev. Stat. 1985, ch. 37, par. 705—5), entered the order of protection against the defendant. The defendant was specifically ordered to have no contact with T.W., S.W., or Eugene and Pauline Boatright. The court noted that the defendant has no legal relationship by blood, marriage, adoption, or otherwise to the minors, T.W. and S.W., and thus, had no right to have contact with them. The defendant informed the court he understood the order.

On January 14, 1987, the State filed a petition for rule to show cause alleging that the defendant had wilfully violated the order of protection. On February 9, 1987, a hearing was held on the matter. The defendant was informed of his right to counsel and the case was continued so that the defendant might retain an attorney. On March 24, 1987, the case was called and the defendant informed the court he was still without counsel and desired representation. The court appointed the public defender and again continued the matter.

■ On April 24, 1987, the hearing on the rule to show cause commenced. The defense attorney moved to dismiss the case alleging lack of jurisdiction because the defendant was not a party to the original juvenile petition and had not been served with summons in that matter. The court, however, denied the defendant's motion to dismiss. The court specifically noted that the defendant was served, was present when the protection order was entered, and was afforded a meaningful opportunity to be heard. As such, the court had sufficient jurisdiction over the defendant to enter the protective order.

The court then proceeded to hear evidence regarding the alleged violation of the order. The court found the defendant in violation and the cause was continued for sentencing. On May 29, 1987, the defendant was sentenced to a term of 12 months' conditional discharge with a 45-day jail term.

■ A petition for protective order is appropriate to be heard at the dispositional stage of the proceedings. Article V of the Juvenile Court Act concerns dispositions and section 5—5 provides for orders of protection. The petition was properly before the trial court even absent a dispositional order on the original petition. Under section

5—5 of the Act, a court may enter "an order of protection in assistance of or as a condition of any other order authorized by this Act." (Ill. Rev. Stat. 1985, ch. 37, par. 705—5(1).) Such an order may be entered against "any person who is before the court on the original or supplemental petition." (Ill. Rev. Stat. 1985, ch. 37, par. 705—5(1).) The Act, under section 4—1, further requires that where an order of protection is sought against an individual, the petition "shall name that person as a respondent and give the address where he resides." (Ill. Rev. Stat. 1985, ch. 37, par. 704—1(4).) Additionally, the statute directs that summons issue to each person named as a respondent in the petition. Ill. Rev. Stat. 1985, ch. 37, par. 704—3(1).

Each of the above-mentioned statutory requirements was fulfilled in the case now before us. The defendant was named in the supplemental petition, that being the petition for an order of protection. The petition properly gave the defendant's name and address. (Ill. Rev. Stat. 1985, ch. 37, par. 704—1(4).) The defendant was served with a copy of the petition and notice of the hearing date. (Ill. Rev. Stat. 1985, ch. 37, par. 704—3(1).) On this basis, the defendant appeared.

At the hearing, the defendant questioned the State's witnesses and was given a meaningful opportunity to be heard. The facts of *S.A.C.* are clearly distinguishable. The noncustodial parent in *S.A.C* was not represented by counsel and had not been served with summons or named as a respondent prior to the entry of the protective order. (*S.A.C.*, 147 Ill. App. 3d 656, 498 N.E.2d 285.) In reversing the order, we found that the father did not have "a meaningful opportunity to object to the trial court's action in issuing the protective order against him." (147 Ill. App. 3d at 659, 498 N.E.2d at 287.) We did not find it necessary to reach the issue of right to counsel, as the failure to appraise the father that his presence was required together with the failure to name him as the respondent in the petition as statutorily mandated was sufficient to render the order of protection entered void.

Contrary to the defendant's assertions, this case is also distinguishable from *In re Rider* (1983), 113 Ill. App. 3d 1000, 447 N.E.2d 1384. In *Rider*, a protective order was entered against the noncustodial father based upon evidence adduced in chambers when the father was not present. (*Rider*, 113 Ill. App. 3d 1000, 447 N.E.2d 1384.) In reversing the order, we declared that fundamental fairness requires that before such an order can be entered, the party against whom the order is sought must be given a meaningful opportunity to be heard. (*Rider*, 113 Ill. App. 3d at 1004, 447 N.E.2d at 1387.) The

defendant here, a nonrelative, was afforded such an opportunity.

The defendant also alleges lack of jurisdiction because he was not represented by counsel when the order of protection was issued. We, however, find this argument to be without merit.

■ It is first noted that neither in an injunction proceeding (Ill. Rev. Stat. 1985, ch. 110, pars. 11—101 through 11—304) nor in a proceeding pursuant to the Illinois Domestic Violence Act (Ill. Rev. Stat. 1985, ch. 40, par. 2301—1 et seq.) for an order of protection is a respondent required to be advised of his right to counsel.

■ Section 1—20 of the Act outlines the rights of parties involved in juvenile proceedings. (Ill. Rev. Stat. 1985, ch. 37, par. 701—20.) Under this section, those parties who have the right to be represented by counsel include "the minor who is the subject of the proceeding and his parents, guardian, legal custodian or responsible relative who are parties respondent." (Ill. Rev. Stat. 1985, ch. 37, par. 701—20(1).) Only those who have a protectable interest at stake are entitled to representation. Since the defendant here is not one of the parties specifically enumerated in the statute, and additionally has no legal relationship to the minors, he is not entitled to representation under the Act. Further, he is not entitled to an explanation of these rights.

■ It is well established that an indigent's right to appointed counsel is recognized only when the physical liberty of the litigant is at risk. (*Lassiter v. Department of Social Services* (1981), 452 U.S. 18, 25, 68 L. Ed. 2d 640, 648, 101 S. Ct. 2153, 2158.) In evaluating such a claim, due process requires the balancing of three elements: the private interests at stake; the government's interest; and the risk that the procedures used will lead to an erroneous decision. (*Mathews v. Eldridge* (1976), 424 U.S. 319, 335, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 903.) In *Lassiter*, after weighing these elements, the Supreme Court deemed that the due process clause did not require the appointment of counsel when the State sought to terminate an indigent's parental status. (*Lassiter*, 452 U.S. 18, 68 L. Ed. 2d 640, 101 S. Ct. 2153.) The court did, however, expressly limit its holding to the specific facts of the case involved.

■ Although the court limited the *Lassiter* holding, it is helpful in establishing the limits with respect to the right to appointed counsel. In balancing the interests of the defendant herein, the interests of the State in protecting the abused minor, and the procedures afforded the defendant, we find no constitutional violations. The entry of an order of protection against a defendant who poses a potential threat to individuals is not the type of deprivation of physical liberty

which requires the appointment of counsel.

Based on the foregoing, the decision of the circuit court of Champaign County is affirmed.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.