*In re* J.H. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Jack Ray Hall, Jr., Respondent-Appellant).

Third District No. 3—90—0236

Opinion filed March 27, 1991.

24

Richard H. Gambrell, of Macomb, for appellant.

William Poncin, State's Attorney, of Macomb (Judith Z. Kelly, of State's Attorney's Appellate Prosecutor's Office, of counsel), for the People.

John A. Carter, Assistant Public Defender, of Macomb, guardian *ad litem*.

JUSTICE BARRY delivered the opinion of the court:

J.H. and M.H. are the minor children of Diane Hall and respondent Jack Ray Hall, Jr. Diane Hall died sometime prior to 1988, and respondent was sentenced to prison in Iowa for arson on October 3, 1988. In December of 1988, Diane Wilson, the children's aunt with whom they had been living since August or September of 1988, requested that J.H. and M.H. be placed in foster care. A petition for adjudication of wardship was filed on May 30, 1989, seeking to have the children declared dependent pursuant to section 2—4 of the Juvenile Court Act of 1987 (the Act) (Ill. Rev. Stat. 1989, ch. 37, par. 802—4(a)). The petition alleged that the children's mother was deceased and their father was incarcerated and that the minors were without a parent, guardian, or legal custodian able to provide necessary care.

An adjudicatory hearing was held on October 10, 1989. The children were represented by a guardian *ad litem*, and respondent was represented by attorney Joseph O'Donnell, who had been appointed at respondent's request. O'Donnell's earlier motion to transport respondent from prison for the hearing had been denied by the State of Iowa. At the hearing, the parties stipulated to the allegations in the petition, the children were adjudicated dependent, and the Department of Children and Family Services (DCFS) was ordered to prepare a social investigation report.

The report indicated that DCFS had investigated three reports of sexual abuse of M.H. and that "credible evidence" was found to support the reports. The report named the respondent as the focus of one of the investigations and stated that he "rubbed [M.H.'s] genitals several times when [M.H.] was living with him. They slept together." The report also stated that respondent admitted that sleeping with M.H. was a "habit" and he could give her physical comfort by touching her to soothe and reassure her, but respondent denied that any of the touches were inappropriate. The report noted that respondent was extremely agitated and was visibly shaking during the investigative interview. Attached to the social investigation report was a progress report which stated that during a counseling session with M.H., she alleged that respondent had touched her in an inappropriate manner, although she provided no details. According to the report, M.H. said that she did not want to get her father into trouble and she did not want to discuss the issue. In addition, the report related that the respondent is an alcoholic, has an extensive criminal history which includes being arrested for public intoxication, and he had successfully participated in a four-month drug and alcohol treatment program

while in custody of the Iowa Department of Corrections. The report recommended that guardianship and custody of J.H. and M.H. be given to DCFS and that respondent should participate in sexual abuse counseling and maintain sobriety through outpatient treatment.

O'Donnell filed a motion to strike the report for purposes of the dispositional hearing, arguing that the issue of sexual abuse did not have a reasonable relationship to the basis of the dependency adjudication. O'Donnell also moved to withdraw the stipulation previously entered into by the parties because respondent had not been informed that the issue of sexual abuse would be raised. The latter motion was granted and a second adjudicatory hearing was held on January 3, 1990.

At this hearing Ann Higgins of DCFS testified that she met with the children and their aunt, Diane Wilson, in December of 1988, and Wilson expressed concern that M.H. had been exhibiting some sexual behavior and might have been molested. Higgins arranged for counseling for the children and spoke with respondent by telephone. Respondent denied any sexual abuse of M.H. and refused to get sexual abuse counseling in prison.

Diane Wilson, the children's aunt, testified that one of the children's uncles told Wilson's sister that the children's grandmother had told him that M.H. was sexually abused by two men, but that M.H. could not remember their names. Subsequent medical tests conducted on M.H. were inconclusive. Wilson testified that she called the DCFS hotline because M.H. was acting out sexually, but Wilson had not personally witnessed such behavior, although she had seen M.H. "sit around on strange guys' laps."

The court found that the minors were dependent pursuant to section 2—4(a) of the Act (Ill. Rev. Stat. 1989, ch. 37, par. 802—4(a)) and a date was set for a dispositional hearing. No findings were made with regard to the alleged sexual abuse of M.H.

Prior to the dispositional hearing, a hearing was held on the motion to strike the social investigation report. Attorney O'Donnell contended that the report should have some reasonable relationship to the basis for adjudication. O'Donnell maintained that since the petition for adjudication was based on dependency, and not on abuse or neglect, the references in the report to sexual abuse and alcohol abuse were irrelevant. O'Donnell argued that the report was a "back door" method for DCFS to raise allegations of abuse against the respondent without having to prove them in an adjudicatory hearing. The motion to strike was denied.

At the dispositional hearing on January 25, 1990, the assistant State's Attorney asked the court to admit the social investigation report and requested that the court order respondent to comply with the report's recommendations regarding sexual abuse and alcohol counseling. Attorney O'Donnell objected to admission of the report and to the recommendations. The report was admitted over objection. The court granted custody and guardianship to DCFS and ordered that respondent "successfully participate in sexual abuse counseling and maintain sobriety through alcohol outpatient treatment."

O'Donnell filed a motion to reconsider and modify the dispositional order, arguing that the petition for adjudication was based on dependency, not abuse or neglect, that the evidence regarding sexual abuse was uncorroborated hearsay, and that there was no finding that respondent had sexually abused his daughter. The motion requested the court to strike the requirements that respondent participate in sexual abuse counseling and alcohol treatment. The motion was denied and this appeal followed.

The respondent first contends that the trial court erred in admitting into evidence those portions of the social investigation report relating to sexual abuse and alcoholism. Respondent maintains that only evidence which is relevant to the issues before the court at the dispositional hearing is admissible. We agree. Respondent further asserts that the only issues before the court at the dispositional hearing were whether the minors should be made wards of the court, and if so, where they should be placed. We do not agree.

■■ Respondent's position ignores one of the fundamental purposes of the Juvenile Court Act, which is to provide "such care and guidance, *preferably in his or her own home*, as will serve the moral, emotional, mental, and physical welfare of the minor and the best interests of the community [and] *to preserve and strengthen the minor's family ties whenever possible*" (emphasis added) (Ill. Rev. Stat. 1989, ch. 37, par. 801—2; *In re Polovchak* (1983), 97 Ill. 2d 212, 223, 454 N.E.2d 258). While there is no question that placing the minors in respondent's care was not an option available to the court, the information concerning respondent's alleged sexual and alcohol abuse was relevant to the issue of possible reunification of the children with their father after his release from prison. Such information was also necessary for the court in deciding whether to issue an order of protection (Ill. Rev. Stat. 1989, ch. 37, par. 802—25) or protective supervision (Ill. Rev. Stat. 1989, ch. 37, par. 802—24). The record indicates that respondent's release date from prison was unknown and he may have been in a work release program. There was also some evidence that

respondent came to Illinois, apparently without authorization, and was later arrested and returned to Iowa. Given the uncertainty of respondent's ability to contact the children, evidence that respondent may have sexually abused M.H. would be of great significance in deciding whether to order the respondent not to visit the children.

■■ ■ In addition to the above, section 2—21(2) of the Act (Ill. Rev. Stat. 1989, ch. 37, par. 802—21(2)) provides that after a finding by the court that a minor is abused, neglected, or dependent, to assist the court at the dispositional hearing "the court may order that an investigation be conducted and a dispositional report be prepared concerning the minor's physical and mental history and condition, family situation and background, *** and any other information that may be helpful to the court." Furthermore, section 2—22 (Ill. Rev. Stat. 1989, ch. 37, par. 802—22) states:

"At the dispositional hearing, the court shall determine whether it is in the best interests of the minor and the public that he be made a ward of the court, and, if he is to be made a ward of the court, the court shall determine the proper disposition best serving the interests of the minor and the public. *All evidence helpful in determining these questions, including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not competent for the purposes of the adjudicatory hearing.*" (Emphasis added.)

These sections clearly contemplate admission of the type of report at issue here. (See *In re L.M.* (1989), 189 Ill. App. 3d 392, 545 N.E.2d 319; *In re Calkins* (1981), 96 Ill. App. 3d 74, 420 N.E.2d 861.) Moreover, that fact that the report addressed issues not raised by the petition for adjudication of wardship is immaterial. Sections 2—21 and 2—22 evidence the legislature's intent to give the trial court wide latitude in considering evidence that is relevant and helpful to the court's determination of a proper disposition and allow the court to go beyond the evidence adduced at the adjudicatory hearing. (*In re Perez* (1988), 173 Ill. App. 3d 922, 933, 528 N.E.2d 238, 245.) We find that the trial court did not err in admitting the social investigation report into evidence at the dispositional hearing.

■■ The respondent next contends that the trial court abused its discretion in ordering him to undergo sexual abuse counseling and alcohol treatment where there was no finding of sexual abuse or excessive alcohol use. In *In re Perez* (1988), 173 Ill. App. 3d 922, 528 N.E.2d 238, the minor children were adjudicated neglected based on their mother's inability to care for them due to physical illness. The

dispositional order required the mother to enroll in and complete a child development course and receive mental health counseling. When the State later sought to terminate the mother's parental rights for failure to make reasonable progress towards the return of her children, she argued that the State failed to show that the conditions contained in the dispositional order were reasonably related to the basis for the initial neglect adjudication and, therefore, her failure to meet the conditions was not a proper ground for a finding of parental unfitness. The court held that the Juvenile Court Act does not require that the conditions imposed at the dispositional hearing must be related to the jurisdictional facts which led to the adjudication of wardship. (*Perez*, 173 Ill. App. 3d at 933, 528 N.E.2d at 245.) Accordingly, the fact that sexual abuse and alcoholism were not the bases for the adjudication of dependency in this case does not foreclose the court from addressing those issues in its dispositional order, assuming sufficient competent evidence of those conditions. Respondent maintains, however, that there was insufficient evidence to support the court's order requiring him to undergo sexual abuse counseling and alcohol abuse treatment. We agree.

■■ ■ The standard of proof in abuse, neglect, and dependency proceedings is proof by a preponderance of the evidence. (Ill. Rev. Stat. 1989, ch. 37, par. 802—18.) The only evidence presented at the dispositional hearing was the social investigation report. It appears that the allegations in the report of sexual abuse by the respondent are based solely on statements by M.H. that her father touched or rubbed her genitals. The report also states that respondent denied ever touching M.H. inappropriately. Section 2—18 of the Act (Ill. Rev. Stat. 1989, ch. 37, par. 802—18(4)(c)) provides:

> "Previous statements made by the minor relating to any allegations of abuse or neglect shall be admissible in evidence. However, no such statement, if uncorroborated and not subject to cross-examination, shall be sufficient in itself to support a finding of abuse or neglect."

■■ ■ Moreover, the fact that two or more witnesses testify to what the minor said is not sufficient corroboration (*In re Custody of Brunken* (1985), 139 Ill. App. 3d 232, 487 N.E.2d 397), nor may evidence which is itself hearsay provide the corroboration required by the statute (*In re Alba* (1989), 185 Ill. App. 3d 286, 540 N.E.2d 1116). It seems fairly clear then that if the petition for adjudication of wardship had sought to have the children declared neglected or abused on the basis of sexual abuse, the evidence would not have been sufficient. (See *Alba*, 185 Ill. App. 3d 286, 540 N.E.2d 1116; *In re D.P.* (1988),

176 Ill. App. 3d 456, 531 N.E.2d 162; *Brunken,* 139 Ill. App. 3d 232, 487 N.E.2d 397.) In this case, of course, the children were declared dependent, not neglected or abused, and no finding of sexual abuse was entered. Nevertheless, we believe that it would be incongruous to hold that evidence which is insufficient to find sexual abuse at an adjudicatory hearing *is* sufficient to support a *de facto* finding of abuse at a dispositional hearing. This is particularly so where, as here, the result of such a finding is an order which requires affirmative action of a nature not ordinarily expected of a parent (see *In re Rider* (1983), 113 Ill. App. 3d 1000, 447 N.E.2d 1384).

While there was some additional evidence presented at the adjudicatory hearing in the form of testimony by Ann Higgins of DCFS and by the children's aunt, and while this evidence could have been considered by the court at the dispositional hearing (Ill. Rev. Stat. 1989, ch. 37, par. 801—10 (evidence presented in prior proceedings is admissible in subsequent proceedings concerning the same minor)), the testimony provided little or no corroboration of the allegations of sexual abuse by respondent. Furthermore, it is clear that this testimony was not considered at the dispositional hearing, since different judges presided at the adjudicatory and dispositional hearings.

 We understand the trial judge's concern over the allegations of sexual abuse and we applaud his attempt to further the goal of eventual reunification of the minors and their father. We also recognize the importance of resolving the issue of purported sexual abuse before any meaningful attempt at reunification can occur. Nevertheless, given the paucity of the evidence presented, and the considerable stigma and possible collateral consequences attached to a finding of sexual abuse, the order requiring sexual abuse counseling must be reversed. We hold, therefore, that the trial court abused its discretion in ordering respondent to participate in sexual abuse counseling solely on the basis of the allegations and recommendations of the social investigation report. *Cf. In re Rider* (1983), 113 Ill. App. 3d 1000, 447 N.E.2d 1384.

 We must also reverse the portion of the dispositional order requiring the respondent to receive alcohol outpatient treatment. The social investigation report stated that respondent is an alcoholic, but no basis was given for that assessment. Also, according to the report, respondent has been arrested for public intoxication and successfully participated in a drug and alcohol treatment program while in prison. Again, while we recognize the salutary effect such treatment may have, absent evidence of the need for further treatment, it was improper for the court to order treatment solely on the basis of the

social investigation report. See *Rider*, 133 Ill. App. 3d 1000, 447 N.E.2d 1384.

In view of the above findings, we need not consider respondent's additional arguments. We note, however, that respondent's arguments are confined to the correctness of ordering him to participate in sexual abuse counseling and alcohol outpatient treatment. We therefore affirm the remainder of the dispositional order. Finally, we observe that our decision here does not preclude the entry of an order requiring sexual abuse counseling or alcohol abuse treatment in some future proceedings under the Act should the evidence so warrant. See Ill. Rev. Stat. 1989, ch. 37, par. 802—13(5)(supplemental petition); Ill. Rev. Stat. 1989, ch. 37, par. 802—23(3)(modification of dispositional order); Ill. Rev. Stat. 1989, ch. 37, par. 802—25(5)(order of protection); Ill. Rev. Stat. 1989, ch. 37, par. 802—28 (periodic court review).

For the foregoing reasons, the judgment of the circuit court is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

McCUSKEY and SLATER, JJ., concur.